UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MEDICRAFT, *et al.*,

            Plaintiffs,

   v.

STATE OF WASHINGTON, *et al.*,

            Defendants.

Case No. C21-1263-BJR-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 civil rights action. This matter is before the Court on Defendants Derek P. Leuzzi and Jane Doe Leuzzi's Motion to Dismiss ("Defendants' Motion") requesting that the Court dismiss them from this action on the basis of absolute and qualified immunity. (Defs.' Mot. (dkt. # 61).) Plaintiffs James and Shaylee Medicraft, and their minor children J.M., A.M., E.M., M.M. and N.M., filed a response. (Pls.' Resp. (dkt. # 68).) Defendants filed a reply (Defs.' Reply (dkt. # 75).) The Court has determined that it can rule on Defendants' Motion without oral argument.[1]

---

[1] Both parties requested oral argument. (Defs.' Mot. at 1; Pls.' Resp. at 1.) However, the Court determines that oral argument would not be helpful to the Court's disposition of this motion and denies the parties' requests. *See* LCR 7(b)(4).

REPORT AND RECOMMENDATION - 1

Having considered the parties' submissions, the governing law, and the balance of the record, the Court recommends that Defendants' Motion (dkt. # 61) be GRANTED, as further explained below.

## II.  BACKGROUND

This matter arises based on conduct allegedly undertaken by the State of Washington (the "State"), the Department of Children, Youth, and Families ("DCYF"), its agents, and security guards hired by the State throughout the pendency of a dependency proceeding involving the Medicrafts and their minor children.[2] (Second Am. Compl. ("SAC") at ¶ 1.) On December 6, 2019, the Medicrafts' minor children were removed from Mrs. Medicraft's custody due to the Medicrafts' alleged violation of a State of New York no-contact order. (SAC at ¶¶ 19, 24, 26.) As a result, dependency actions were pursued by the State. (*Id.* at ¶¶ 21, 51, 54.) On October 22, 2020, the King County Superior Court determined that DCYF failed to meet its burden to demonstrate the minor children were dependent and dismissed the dependency action. (*Id.* at ¶ 57.)

Relevant to the instant motion, Mr. Leuzzi is an Assistant Attorney General ("AAG") who represents DCYF in dependency actions. (SAC at ¶¶ 5, 34.) In their second amended complaint, Plaintiffs allege that AAG Leuzzi, in his role as the DCYF attorney assigned to the dependency, fabricated and filed false statements from co-defendants Elizabeth Sterbick, Tabitha Culp, Tanessa Sanchez, and/or Cleveland King, social workers who were employed by DCYF. (*Id.* at ¶¶ 24-28, 31-34.) Plaintiffs allege that AAG Leuzzi acted in an investigative role by meeting with DCYF social workers to plan the removal of the minor children from the Medicraft

---

[2] The Honorable Susan Amini of the King County Superior Court entered findings of fact and conclusions of law that detail the underlying dependency proceedings in this matter. (Compl. (dkt. # 1-1) at 19-30.) Portions of Judge Amini's findings are excerpted in Plaintiffs' amended complaint.

parents' custody. (*Id.* at ¶ 35.) Plaintiffs allege that AAG Leuzzi filed a declaration on October 28, 2019, testifying that Mrs. Medicraft had a history of drug and/or alcohol abuse, mental health issues, and that she had been ordered by a court to undergo chemical dependency treatment. (*Id.* at ¶¶ 41-42.) Plaintiffs allege that AAG Leuzzi removed the minor children from the Medicraft parents' custody absent an imminent threat or court order, misrepresented the Medicraft parents' history of domestic violence, and that he sought to deprive Mr. Medicraft of his visitation rights to the minor children as well as sought court orders to medicate them without basis.[3] (*Id.* at ¶¶ 43-45, 47.)

As a result, Plaintiffs raise claims that AAG Leuzzi: (1) violated the Medicraft parents' fundamental liberty interest in the care, custody, and management of their children; (2) violated the minor children's fundamental liberty interest in living with their parents and to visitation with Mr. Medicraft; and (3) conspired with co-defendants Sterbick and Sanchez to remove Mr. Medicraft's visitation rights. (SAC at ¶¶ 220-230, 292.) Specifically, Plaintiffs claim that AAG Leuzzi acted in an investigative role akin to a social worker, and not as a prosecutor, during the dependency proceeding, and allege that he provided false testimony in the dependency proceedings, including alleged testimony under oath on October 25, 2019, that Mrs. Medicraft had been court ordered to and had received chemical dependency treatment. (*Id.* at ¶ 228.) Finally, Plaintiffs claim that AAG Leuzzi directed DCYF representatives to engage in perjury, by setting up J.M., A.M., and E.M. to fail evaluations with the State's expert, and by continuing a dependency hearing after his witnesses' prior testimony was impeached at deposition. (*Id.*)

---

[3] Defendants dispute the facts alleged in Plaintiffs' second amended complaint but argue that even assuming the truth of Plaintiffs' allegations, AAG Leuzzi remains entitled to immunity for his role as a legal advocate for DCYF in Plaintiffs' underlying case. (Defs.' Mot. at 3 n.1.)

REPORT AND RECOMMENDATION - 3

### III. DISCUSSION

Defendants' Motion seeks to dismiss Plaintiffs' claims against them on the basis of absolute immunity. (Defs.' Mot. at 5-6.) In the alternative, Defendants request that they be dismissed on the basis of qualified immunity.[4] (*Id.* at 6-8.) Plaintiffs respond that AAG Leuzzi is not immune nor shielded by absolute or qualified immunity because Plaintiffs have plausibly alleged that AAG Leuzzi actively participated in the State's investigation and decision-making regarding Plaintiffs' dependency proceedings, and in knowingly providing false information to the dependency court. (Pls.' Resp. at 1-2.)

#### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In deciding whether to dismiss a complaint for failing to state a claim, the Court is generally bound by the facts and allegations contained within the four corners of the complaint. *See Shaver v. Operating Eng'rs Loc. 428 Pension Tr. Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003) ("Generally, on a 12(b)(6) motion, [the Court] should consider only the pleadings."). However,

---

[4] Having decided that Defendants are entitled to absolute immunity, the Court declines to consider whether Defendants are additionally entitled to qualified immunity at this time.

REPORT AND RECOMMENDATION - 4

the Court may consider "materials incorporated into the complaint by reference, and matters of judicial notice." *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "Incorporation by reference" doctrine allows for consideration of documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotations omitted).

### B.      Absolute Immunity

Defendants argue that Plaintiff has failed to sufficiently plead any allegations demonstrating AAG Leuzzi stepped outside of his role as a legal advocate for DCYF in the dependency proceedings. (Pls.' Mot. at 2.) Consequently, Defendants argue that Plaintiffs' claims against AAG Leuzzi are barred by absolute immunity. (*Id.* at 5-6.) Plaintiffs counter that AAG Leuzzi's investigatory and discretionary actions in this case go beyond the immunity asserted by Defendants. (Pls.' Resp. at 2.) Plaintiffs contend that AAG Leuzzi does not have immunity for his submission of false declarations (SAC at ¶¶ 34, 41-42, 44), his attempt to revoke Mr. Medicraft's visitation rights or to medicate the minor children (*id.* at ¶¶ 45, 47), or to the extent that AAG Leuzzi participated in investigating or fabricating evidence for the dependency removal petition (*id.* at ¶¶ 28–34). (Pls.' Resp. at 8.)

Absolute immunity protects "individuals performing functions necessary to the judicial process" from suit. *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003). Absolute immunity "shields only those who perform a function that enjoyed absolute immunity at common law" and its protections depend solely on "the specific function performed, and not the role or title of the official." *Id.* at 897 (citation omitted).

An assistant attorney general acting as legal counsel for DCYF in child dependency proceedings performs quasi-prosecutorial functions, and therefore, is entitled to immunity for actions in relation to initiating and pursuing child dependency proceedings. *Zayas v. Walton*, 2022 WL 1468997, at *4 (W.D. Wash. May 10, 2022) (citing *Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 504 (3d Cir. 1997)). As such, actions taken "during or to initiate [dependency] proceedings" remain covered by absolute immunity. *Chen v. D'Amico*, 428 F.Supp.3d 483, 502 (W.D. Wash. 2019) (quoting *Safouane v. Fleck*, 226 F. App'x 753, 762 (9th Cir. 2007)); *see also Miller*, 335 F.3d at 898 (noting that "the critical decision to institute proceedings to make a child a ward of the state is functionally similar to the prosecutorial institution of a criminal proceeding.")). "[T]he initiation and pursuit of child-dependency proceedings [are] prosecutorial in nature and warrant absolute immunity on that basis." *Miller*, 335 F.3d at 896 (citing *Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987)).

In this case, Plaintiffs' claims against Defendants are barred by absolute immunity. In serving as DCYF's advocate in the dependency proceeding, AAG Leuzzi is afforded absolute immunity for any actions taken in his advocacy role.[5] Here, Plaintiffs' allegations largely relate to AAG Leuzzi's role as the assigned attorney for DCYF and actions he undertook in pursuit of the dependency proceedings, including meeting with DCYF representatives and the filing of their declarations in pursuit of the dependency. (*See* SAC at ¶¶ 34-35, 41-45, 47, 228.)

---

[5] Plaintiffs contend that absolute immunity is not available to AAG Leuzzi because he is not a prosecutor and because social workers are not entitled to absolute immunity for their investigatory conduct, discretionary decisions, or recommendations. (Pls.' Resp. at 6-7 (citing *Cox v. Dep't. of Soc. & Health Servs.*, 913 F.3d 831, 837 (9th Cir. 2019); *Chen v. D'Amico*, 428 F.Supp.3d 483, 502 (W.D. Wash. 2019)).) Plaintiffs' cited cases are inapposite in this matter as it is clear that AAG Leuzzi's role in instituting child removal proceedings is functionally similar to that of a prosecutorial function, and therefore "entitled to absolute immunity." *Miller*, 335 F.3d at 898.

   First, Plaintiffs' claims against AAG Leuzzi are largely premised on allegations that he knowingly prepared and filed false declarations and/or fabricated evidence in pursuit of the dependency. (SAC at ¶¶ 34, 41-42, 228, 291.) Plaintiffs cite to *Kalina v. Fletcher*, comparing AAG Leuzzi's actions to those of a "complaining witness" to whom absolute immunity would not apply. 522 U.S. 118, 129-130 (1997). In *Kalina*, the Supreme Court held that a prosecutor who makes false factual statements in an affidavit supporting an application for an arrest warrant is not shielded by absolute prosecutorial immunity. *Id.* However, in *Kalina*, the Supreme Court noted that it was the prosecutor's filing of a certification to which she personally attested to the truth of that shifted her act of filing a certification from being part of her advocacy role to that of a witness. *Id.* at 129 ("[P]etitioner's activities in connection with the preparation and filing of two of the three charging documents . . . are protected by absolute immunity. Indeed, except for her act in personally attesting to the truth of the averments in the certification, it seems equally clear that the preparation and filing of the third document in the package was part of the advocate's function as well.").

   Based on Plaintiffs' submitted exhibits, AAG Leuzzi himself did not draft and submit a personal declaration in this matter nor did he testify as a witness at any stage of the dependency proceeding. (*See* Compl. (dkt. # 1-1), Ex. BB (Sterbick Decl. at 143-156, Sanchez Decl. at 158-162, Fry Decl. at 288-300).) Instead, Plaintiffs' pleadings and exhibits evince that AAG Leuzzi submitted sworn declarations on behalf of DCYF representatives as part of his role as the DCYF attorney in the dependency proceeding. (*See id.*; SAC at ¶¶ 24, 27-28, 31, 34.) Plaintiffs allege that AAG Leuzzi submitted his own false declaration and testimony in October 2019, which averred that Mrs. Medicraft had a history of drug and alcohol abuse, mental health issues, and been previously court ordered to undergo chemical dependency treatment. (*See* SAC at

REPORT AND RECOMMENDATION - 7

¶¶ 41-42, 228.) But Plaintiffs' allegations that AAG Leuzzi submitted a false declaration or testimony are devoid of any further factual detail demonstrating the plausibility of such claims—especially in light of Plaintiffs' submission of other DCYF representative declarations utilized in the dependency proceeding with their pleadings—and thus remain conclusory. Moreover, the Court notes that Plaintiffs have now twice amended their complaint but have yet to submit any additional factual details regarding AAG Leuzzi's alleged submission of a false declaration and/or testimony, nor has either been exhibited with their amended pleadings or submitted in response to Defendants' Motion.

Next, Plaintiffs fail to set forth any plausible allegations indicating AAG Leuzzi stepped outside of his role as a legal advocate for DCYF by acting as an investigator in this matter. On this issue, Plaintiffs argue that a prosecutor is not entitled to absolute immunity when acting in an investigative role. (Pls.' Resp. at 8-9.) To that end, Plaintiffs submit portions of defendant Sterbick's deposition as evidence that AAG Leuzzi served in an investigatory role in the dependency proceedings. (Arnold Decl. (dkt. # 69), Ex. A at 5-14.) Plaintiffs' submitted deposition evidence from Ms. Sterbick was previously exhibited in full with Plaintiffs' original complaint filing (Compl., Ex. BB at 169-284) and incorporated by reference in Plaintiffs' second amended complaint (SAC at ¶ 133). Thus, Plaintiffs' deposition evidence submission is appropriate for the Court's consideration on Defendants' Motion.[6] *See* Fed. R. Civ. P. 10(c) ("A

---

[6] However, Plaintiffs' submission of a February 11, 2020 hearing transcript (Arnold Decl., Ex. B at 16-22), in which Mr. Leuzzi made in-court statements, was not referenced in Plaintiffs' SAC nor previously attached as an exhibit to their pleadings. (*See* SAC.) As such, the Court declines to convert Defendants' Motion to a motion for summary judgment under Rule 12(d) to consider the submission. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

REPORT AND RECOMMENDATION - 8

copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

But based on Plaintiffs' submission, it appears any information Ms. Sterbick received regarding the Medicrafts' New York legal proceedings came to her from Washington Attorney General's Office investigators, or through witness interviews conducted by AAG Leuzzi. (*See* Arnold Decl., Ex. A at 6-7 (Sterbick Dep. at 52:16-53:15), 10-12 (Sterbick Dep. at 77:15-20, 78:1-9, 78:23-79:2), 13 (83:1-18).) Gathering records and witness information for the purposes of serving as the DCYF attorney on the dependency proceeding does not transform AAG Leuzzi's role from that of advocate to an investigator. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (finding that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings, and which occur in the course of his role as an advocate, are entitled to absolute immunity).

Finally, Plaintiffs fail to plausibly allege that it was AAG Leuzzi's decision to remove the Medicraft children and not the general position of DCYF, for which it was his job to advocate for as the DCYF attorney assigned to the dependency. (*See* Arnold Decl., Ex. A at 7-9 (Sterbick Dep. at 53:20-55:23).) Although Ms. Sterbick did not personally want to remove the Medicraft children due to her concern about the impact removal would have on the children, it is clear from Plaintiffs' submitted exhibits that there was a consensus amongst DCYF that removal was appropriate. (See *id.* at 6 (Sterbick Dep. at 53:19-22), 7-8 (Sterbick Dep. at 54:12-55:13).)

Based on Plaintiffs' submitted pleadings and exhibits, AAG Leuzzi gathered information related to the dependency, met with DCYF representatives to discuss the dependency and DCYF's position, filed declarations of those DCYF representatives, and presented the agency's position in court pursuant to his role in the proceedings. Because AAG Leuzzi's actions were

REPORT AND RECOMMENDATION - 9

undertaken in connection with initiating and pursuing the dependency proceeding, his actions remain covered by absolute immunity.[7] *See Miller*, 335 F.3d at 898; *Safouane*, 226 F. App'x at 762. Defendants should be dismissed from this matter.

### IV.   CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' Motion (dkt. # 61) be GRANTED, and that Plaintiffs' claims against AAG Leuzzi and Jane Doe Leuzzi be DISMISSED. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 17, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Barbara J. Rothstein.

Dated this 31st day of May, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[7] Plaintiffs request in their response that AAG Leuzzi be referred to Judge Amini for civil and criminal contempt proceedings. (Pls.' Resp. at 12.) The Court finds no basis to make such a recommendation.

REPORT AND RECOMMENDATION - 10