The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MEDICRAFT, *et al.*,

Plaintiffs,

v.

STATE OF WASHINGTON, *et al.*,

Defendants.

NO. 21-cv-1263

**ORDER RESOLVING DISCOVERY DISPUTES**

## I. INTRODUCTION

Currently pending before the Court are three discovery disputes raised by counsel for the parties by email dated June 12, 2023. *See* attached exhibit. The Court has reviewed the parties' positions on each issue and does not find it necessary to hold a conference to resolve the three issues presented. The following represents the Court's ruling.

## II. ISSUE 1 – SCHEDULING ORDER

During the discovery hearing held on March 15, 2023, the Court directed the parties "to submit a joint proposed scheduling order that sets a new date for the discovery cutoff and modifies any other dates that are affected by the continuance." *See* Minute Order, Mar. 16, 2023, ECF No. 191. On April 21, 2023, the Court issued an order denying Plaintiffs' Motion to Compel, in which the Court further directed the parties "to submit a joint proposed scheduling order that sets a new

ORDER RESOLVING DISCOVERY DISPUTES

- 1

date for the discovery cutoff and modifies any other dates that are affected by either this order or the Court's March 16, 2023 minute order." Order, ECF No. 200. To date, the parties have not provided a proposed scheduling order because they are arguing about what dates following the end of discovery are necessarily affected. The Court notes that counsel should have been able to resolve this matter without the Court's intervention and hereby clarifies that any date following the end of discovery in the Court's scheduling order is necessarily impacted by moving out the discovery cutoff, including dispositive motions, motions in limine, pretrial order, pretrial conference, and trial. The parties shall meet and confer and jointly agree on a proposed modified scheduling order that includes an agreed upon date for the end of discovery and agreed upon dates for all other deadlines following the end of discovery. On or before June 23, 2023, the parties shall file the proposed modified scheduling order for the Court's approval.

### III.   ISSUE 2 – DOCUMENT PRODUCTION

During the March 15, 2023 discovery hearing, the Court ruled that "[t]he State Defendants shall complete their rolling document production no later than 4/30/2023." *See* Minute Order, Mar. 16, 2023, ECF No. 191. The parties report that the State Defendants did not meet the April 30, 2023 deadline. The State Defendants assert that they completed their production of documents by May 10, 2023 with the exception of a specific document, over which they assert privilege. Plaintiffs contend that the requested document was written by a non-lawyer social worker, and therefore, cannot be privileged.

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable &*

ORDER RESOLVING DISCOVERY DISPUTES

*Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997); *see also United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) ("The party asserting the attorney-client privilege has the burden of establishing the [attorney-client] relationship and the privileged nature of the communication."). The Court does not have sufficient information to rule on the privilege issue. Therefore, Defendants shall submit the relevant document(s) for *in camera* review by the Court. The document(s), together with an affidavit supporting their claim of privilege shall be provided *ex parte* to the Court by email addressed to the chambers' secure inbox— Rothstein_Chambers@dcd.uscourts.gov—no later than Monday, June 19, 2023.

Plaintiffs also assert that a Rule 30(b)(6) deposition is necessary to inquire into the State's efforts in collecting and producing documents in this case. Plaintiffs contend that the deposition is appropriate based on events that occurred in a separate state court lawsuit against a different state agency. Defendants assert that Plaintiffs' requested Rule 30(b)(6) deposition regarding Defendants' discovery policies and procedures is not within the scope of the Court's ruling extending discovery. The Court agrees with Defendants. Events occurring in a non-related lawsuit are not relevant and are not within the scope of the extended discovery granted in the March 15, 2023 hearing.

## IV. ISSUE 3 – MINOR PLAINTIFFS' EVALUATIONS

The Court ordered three of the minor plaintiffs to participate in independent mental examinations pursuant to Federal Rule of Civil Procedure 35. *See* Orders, ECF Nos. 152-154. Defendants allege that Plaintiffs have failed to comply with these evaluations.[1] Plaintiffs contend that the evaluations pose risk to the well-being of the children and assert that it is not logistically

---

[1] Defendants allege that the Plaintiffs refused to participate, and that Plaintiff James Medicraft observed at least one of the evaluations contrary to the order provisions that the minor Plaintiff may have a representative present who is *not* a potential witness, friend, or a relative of the Plaintiff.

ORDER RESOLVING DISCOVERY DISPUTES

- 3

feasible for these young children to travel several thousand miles. However, the children are currently residing in South Carolina, and the examinations were ordered to take place in Charleston, South Carolina, and Plaintiffs own Rule 35 examinations occurred without issue.[2] Without being able to conduct an effective and meaningful examination, Defendants will be prejudiced in their ability to present an effective defense to counter Plaintiffs' conclusions regarding the minor Plaintiffs past mental and emotional trauma and requirements for future mental health and psychological treatment. Therefore, if Plaintiffs fail to comply with providing meaningful evaluations as ordered, then Plaintiffs' own Rule 35 evaluation evidence shall be deemed inadmissible.

## V.     CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The parties shall meet and confer and jointly agree on a proposed modified scheduling order that includes an agreed upon date for the end of discovery and agreed upon dates for all other deadlines following the end of discovery. On or before June 23, 2023, the parties shall file the proposed modified scheduling order for the Court's approval.

2. Defendants' document(s) being asserted as privileged, together with an affidavit supporting their claim of privilege, shall be provided *ex parte* to the Court by email addressed to the chambers' secure inbox—Rothstein_Chambers@dcd.uscourts.gov—no later than Monday, June 19, 2023.

3. Plaintiffs' requested Rule 30(b)(6) deposition regarding Defendants' discovery policies and procedures is not within the scope of the Court's ruling extending discovery, and the request is denied.

---

[2] The Court notes that all parties stipulated to these Rule 35 medical examinations and the conditions under which they would be conducted. *See* Stip. Mot., ECF Nos. 146-151.

ORDER RESOLVING DISCOVERY DISPUTES

- 4

4. Plaintiffs shall comply with the Court's Orders, ECF Nos. 152-154, subject to their own Federal Rule of Evidence 35 examination evidence being stricken.

DATED this 15th day of June, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RESOLVING DISCOVERY DISPUTES

- 5