The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MEDICRAFT, *et al.*,

Plaintiffs,

v.

STATE OF WASHINGTON, *et al.*,

Defendants.

NO. 21-cv-1263

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES**

## I.   INTRODUCTION

Currently pending before the Court is Plaintiffs' Motion to Strike or for Partial Summary Judgment and For Fees Against Defendant Phoenix Security, ECF No. 144.[1] Additionally, the Court will also address a related dispute that remained pending after the Court issued its decision on Plaintiffs' motion for partial summary judgment against the State, ECF No. 140. *See* ECF No. 210 at 17, (referring to a dispute as to whether the State is liable for the acts of its third-party

---

[1] Also pending at this time is Defendant Derek P. Leuzzi and Jane Doe Leuzzi's Second Motion to Dismiss, ECF No. 202 (sealed), which will be addressed in a separate order.

contractor Phoenix). Having reviewed the materials,[2] the record of the case, and the relevant legal authorities, the Court will deny Plaintiffs' motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

The parties are familiar with the factual and legal background of this dispute, and the Court's prior order, ECF No. 210, provides a detailed background, so only a brief summary of facts relevant to the current dispute will be given. Plaintiffs, the Medicrafts (parents and children), claim they were wrongfully separated by the State of Washington's Department of Children and Families ("DCYF"). Defendants include the DCYF, the State of Washington, Phoenix Protective Services (a state contractor), and individuals[3] who are alleged to have been involved in either the children's separation or their time in State custody. Plaintiffs' operative complaint is their Second Amended Complaint, ECF No. 55, filed on March 7, 2022.

Relevant to the pending motion, Plaintiffs specifically pleaded the following causes of action against Phoenix:

- Sixteenth Cause of Action – Vicarious Liability for Assault of JM
- Seventeenth Cause of Action – Vicarious Liability for Assault of AM
- Eighteenth Cause of Action – Negligence
- Nineteenth Cause of Action – Vicarious Liability for Intentional and/or Negligent Infliction of Emotional Distress by Shaylee Medicraft, JM, EM, and AM

Sec. Am. Compl. ¶¶ 268-79, ECF No. 55.

---

[2] Including Plaintiffs' motions, ECF Nos. 140, 144; Defendants' responses in opposition, ECF Nos. 159, 161; Plaintiffs' replies, ECF Nos. 167, 172; and Defendants' surreply, ECF No. 176; together with multiple exhibits as well as prior related motions and responses.

[3] Individual State defendants Derek P. Leuzzi, Tanessa Sanchez, Tabitha Culp, Elizabeth Sterbick, Tabitha Pomeroy, Ross Hunter, and Bonnie White, and individual Phoenix defendant Lufti Al Marfadi.

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES

- 2

By its prior order, ECF No. 210, the Court denied Plaintiffs' motion for partial summary judgment against the State, finding that there are genuine disputes of fact as to Plaintiffs' negligent investigation claim, substantive due process claim, assault and battery claims, and failure to report abuse claim. Further, the Court held that RCW 4.24.595(2) does not provide Defendants immunity from Plaintiffs' claims.

In its order, the Court noted:

> Both parties acknowledge that the children exhibited serious behavioral issues while in the State's custody. These led to escalating problems at school, multiple psychiatric hospitalizations, and physical altercations with social workers and Phoenix security guards.
>
> . . . .
>
> Plaintiffs do not present any undisputed evidence going to the elements of assault or battery. . . .
>
> The Court notes that the parties' summary judgment briefs also refer to a dispute as to whether the State is liable for the acts of its third-party contractor Phoenix. This dispute is also part of Plaintiffs' motion for partial summary judgment against Phoenix, filed separately from the instant motion against the State Defendants. The Court will decide this question in a separate order. Whether Phoenix or the State is liable for alleged assault and battery is not relevant to this order because there remains a dispute of fact [] as to whether an assault or battery actually occurred.

ECF No. 210 at 3-4, 17 (internal citations omitted).

Plaintiffs' pending motion seeks to strike[4] Phoenix's affirmative defenses: (1) comparative/contributory fault; (2) superseding/intervening cause; and (3) reasonable and lawful force. Reply 1, n.1, ECF No. 167; *see also* Mot. 3, ECF No. 144. Plaintiffs seek fees for their

---

[4] Or alternately, requests a grant of partial summary judgment.

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES

- 3

having to renew their motion. Mot. 3, 17. Plaintiffs also request summary judgment that Phoenix is vicariously liable for any-and-all acts of its employees in relation to the Medicraft children.[5] Mot. 1; Reply 1.

### III.    LEGAL STANDARD

**A. Motion to Strike**

Federal Rule 12(f) provides that a court may strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To show that a defense is "insufficient," the moving party must demonstrate "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Sec. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted). Motions to strike a defense as insufficient are often disfavored by federal courts "because of their somewhat dilatory and often harassing character." *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 797 (C.D. Cal. 2016) (citations omitted).

The purpose of a Rule 12(f) motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).  A strike motion "will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011)

---

[5] Phoenix originally asserted vicarious liability as an affirmative defense, but as described herein, withdrew the defense after Magistrate Judge Peterson clarified that vicarious liability did not need to be pleaded as an affirmative defense. *See* ECF No. 130 at 28; ECF No. 111-1 at 11.

(citing 5A C. Wright & A. Miller, Fed. Prac. and Proc.: Civil 2d 1380). A motion to strike is not an appropriate procedure for resolving "disputed and substantial factual or legal issue[s]," which are better brought under Federal Rules 12 or 56. *Whittlestone*, 618 F.3d at 973-74.

### B. Summary Judgment

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)); Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020). "If the moving party meets this burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion." *Id.* If the evidence proffered by the opposing party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

### IV.   DISCUSSION

### A. Plaintiffs' Motion to Strike Phoenix's Affirmative Defense of Vicarious Liability

When Phoenix filed its First Amended Answer to Plaintiffs' Second Amended Complaint, it included "Vicarious Liability" as its first of four affirmative defenses, stating: "To the extent Phoenix's alleged liability is based on its supervisory capacity or role as an employer, Phoenix is not liable for damages under the doctrine of vicarious liability." ECF No. 65 at 30. A hearing on Plaintiffs' motion to strike Phoenix's affirmative defenses was held on June 13, 2022, and

Magistrate Judge Peterson ruled that vicarious liability is not an affirmative defense that needs to be pleaded. ECF No. 111-1 at 11. In its Second Amended Answer to Plaintiffs' Second Amended Complaint, Phoenix withdrew the affirmative defense. ECF No. 130 at 28. However, Plaintiffs again move to strike the affirmative defense. Mot. 3. The Court agrees with Magistrate Judge Peterson's ruling, and considering that Phoenix has withdrawn the defense, the Court denies Plaintiffs' motion to strike as moot.

### B. Plaintiffs' Motion for Summary Judgment as to Phoenix's Vicarious Liability

Plaintiffs also argue that Phoenix, as a matter of law, is vicariously liable for the acts of its employees. Mot. at 4, 5-8.

Before the Court can determine if Phoenix is liable for the actions of the individual defendants, there are many factors that must be determined, i.e., whether the one rendering services is an employee or an independent contractor; thereafter, whether the actions are within the scope of the employee's employment. The determination of these factors are matters of fact to be decided by a jury. *See, e.g.*, *Wilcox v. Basehore*, 187 Wn.2d 772, 784 (2017) (noting that control is generally a question of fact for the jury); *Hollingbery v. Dunn*, 68 Wn.2d 75, 80 (1966) ("[W]here the facts as to the agreement between the parties to the transaction are in dispute or are susceptible of more than one interpretation or conclusion, then the relationship of the parties generally becomes a question to be determined by the trier of the facts.").[6] There remain material disputes of fact that prevent summary judgment for Plaintiffs on this issue.

---

[6] Further, the Court notes that it has ruled that a material dispute of fact remains as to whether an assault or battery actually occurred. ECF No. 210 at 17.

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES

- 6

1  Therefore, Plaintiffs' motion for summary judgment as to Phoenix's vicarious liability is
2  denied.

### C. Plaintiffs' Motion for Summary Judgment as to the State's Vicarious Liability

By their separate motion, ECF No. 140, Plaintiffs also argue that the State is liable for the acts of the Phoenix security guards engaged as contractors with the State. This related dispute remained pending after the Court issued its decision on Plaintiffs' motion for partial summary judgment against the State. *See* ECF No. 210 at 17.

The above reasoning applies with equal force to this motion. There are multiple disputes of fact regarding whether Phoenix or its employees can be considered agents of the State when they were acting as security guards. Therefore, Plaintiffs' motion for summary judgment as to the State's vicarious liability is denied.

### D. Comparative/Contributory Fault

Phoenix pled, in pertinent part:

> Plaintiffs James and Shaylee Medicraft sought to have their minor children misbehave, or "give them hell," to all that they perceived as involved in separating their family unit. As a partial result of this aim, minor Plaintiffs, principally J.M., A.M., and E.M., repeatedly engaged in a variety of attacks on State workers and Phoenix employees, including [listing of example behavior]. These same minor Plaintiffs further engaged in self-threatening behavior including, but not limited to, running through traffic and intentional self-injury.
>
> . . . . To the extent Plaintiffs' allegations against Phoenix for its use of force arise in negligence, the minor Plaintiffs' actions, as well as the adult Plaintiffs' instruction and encouragement of misbehavior, may be a proximate cause of the incident, and recovery should be reduced by any comparative fault. For purposes of allocating fault, it is further asserted that adults and minor Plaintiffs' conduct was reckless and negligent.

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES

- 7

Defs.' Second Am. Answer to Plaintiffs' Second Am. Compl. 28-29, ECF No. 130.

Plaintiffs assert that this affirmative defense must be struck because comparative fault does not apply to intentional torts. Mot. 8-9.  Phoenix asserts that it has limited its defense to allegations of negligent or reckless acts, such as Plaintiffs' causes of action for negligence and negligent infliction of emotional distress.  ECF No. 159 at 14.

To prevail on their negligence claims, Plaintiffs must first show that there was some wrongful, tortious conduct by Phoenix's employee(s), and that Phoenix was negligent in the hiring or failing to terminate Mr. Al Marfadi and the John Doe Defendants who assaulted the Medicraft children.  Sec. Am. Compl. ¶ 273.  "[T]o hold an employer liable for negligently hiring or retaining an employee who is incompetent or unfit, a plaintiff must show that the employer had knowledge of the employee's unfitness or failed to exercise reasonable care to discover unfitness before hiring or retaining the employee." *Anderson v. Soap Lake Sch. Dist.*, 191 Wn.2d 343, 356, (2018).

Should the individuals alleged to have caused harm be found liable, and Phoenix be found vicariously liable, or liable for negligent hiring or failing to terminate, Phoenix is entitled to pursue a defense of comparative fault or contributory negligence to reduce the amount of damages that Plaintiffs may recover.

Therefore, Plaintiffs' motion to strike Phoenix's affirmative defense of comparative/contributory fault is denied.

**E.  Superseding/Intervening Cause**

Phoenix pled, in pertinent part:

> Plaintiffs' alleged injuries and damages, if any, may have been caused by intervening and/or superseding causes. Plaintiffs have made numerous allegations and causes of action and alleged physical and emotional damages to Plaintiffs against other

> defendants before and after the allegations against Phoenix and its employees. In addition, Plaintiffs have alleged claims against numerous unnamed parties on other incidents before and after the allegations against Phoenix.
>
> . . . .
>
> To the extent the allegations against the other parties are proven, . . . [s]uch intervening acts constitutes a superseding cause to the extent the intervening acts create a different type of harm than otherwise would have resulted from Phoenix's negligence; the intervening act was extraordinary or resulted in extraordinary consequences; and the intervening act operated independently of any situation created by Phoenix negligence.

Defs.' Second Am. Answer to Plaintiffs' Second Am. Compl. 29-30.

Plaintiffs assert that Phoenix's Rule 30(b)(6) designee could not identify any alleged third party who performed any superseding or intervening act. Mot. 12. Phoenix argues that Plaintiffs' motion is premature, especially given that the parties do not yet have the results of the independent medical exams involving the minor Plaintiffs. ECF No. 159 at 20. Plaintiffs cite cases that discuss the provision of instructions to the jury and not the pleading of an affirmative defense, but they also note that Phoenix has not pleaded any "specific" superseding cause. ECF No. 167 at 12-13. Detailed pleading is not necessary to give fair notice to a plaintiff under Fed. R. Civ. P. 8(c), and Phoenix does provide two specific examples: (1) State and DCYF conspired to fraudulently dismantle the Plaintiffs' family unit, and (2) minor Plaintiffs were sexually abused by DCYF agents and other children in its custody. Plaintiffs are on notice of causation issues that may arise as this litigation proceeds. Whether or not a jury gets instructed on this defense is a discussion for a later date, but the Court does not find it necessary to strike the defense as pleaded.

Therefore, Plaintiffs' motion to strike Phoenix's affirmative defense of superseding/intervening cause is denied.

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES

- 9

**F. Reasonable and Lawful Force**

Phoenix has also asserted in its affirmative defenses that Phoenix employees used reasonable and lawful force in one or more of the incidents alleged against them. Phoenix alleges that its "employees had a right in these situations, and with all contacts with minor Plaintiffs, to use or attempt to use force upon or toward minor Plaintiffs in defense of the employee, a third-party, or in protection of the minor Plaintiff . . . ." Defs.' Second Am. Answer to Plaintiffs' Second Am. Compl. 30-31.

Plaintiffs argue that Phoenix's allegations are inconsistent with its policies of what constitutes discipline. Mot. 14. However, Phoenix asserts that this affirmative defense is not based on discipline but on every individual's right of self-defense and defense of others. ECF No. 159 at 21. Phoenix has pleaded sufficient detail to give Plaintiffs fair notice of the affirmative defense, and there are outstanding questions of fact that preclude a finding that the defense is insufficient.

Therefore, Plaintiffs' motion to strike Phoenix's affirmative defense of reasonable and lawful force is denied.

**G. Fees**

Before discussing the merits of Plaintiffs' motion for fees, a brief discussion of the events in 2022 leading up to the pending motion will be instructive.

Plaintiffs' Second Amended Complaint was filed on March 7, 2022. ECF No. 55. On March 28,[7] when Phoenix filed its Answer to Plaintiffs' Second Amended Complaint, it included ten affirmative defenses, ECF No. 63, but after counsel met and conferred, Phoenix filed its First Amended Answer, pleading four affirmative defenses, ECF No. 65, including "Vicarious Liability"

---

[7] Dates in this section refer to 2022 unless otherwise noted.

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES

- 10

as an affirmative defense, ECF No. 65, at 30-31. Plaintiffs prepared a draft motion to strike, counsel for the parties again met and conferred, and on April 28, Plaintiffs filed a motion to strike Phoenix's affirmative defenses. ECF No. 77.

A hearing was set for June 13, and from May 13 until the morning of the hearing, Phoenix's counsel sent Plaintiffs' counsel multiple emails proposing that the motion to strike be tabled while Plaintiffs' counsel reviewed Phoenix's proposed draft second amended answer. *See* ECF No. 159 at 2-3 (describing at least four follow-up emails). When Plaintiffs' counsel failed to respond, Phoenix filed its response to the strike motion and requested leave to file a second amended answer to refine its defenses further. *Id.* at 203; ECF No. 85. Plaintiffs' counsel did not respond until a few minutes before the hearing, saying that he'd reviewed the draft and still had issues, so the hearing should proceed. ECF No. 159 at 3. When the hearing was held, Magistrate Judge Peterson accepted Phoenix's proposal to continue the motion. Mot. 2-3.

Following the hearing, Phoenix's counsel again reached out to Plaintiffs' counsel multiple times, requesting a response identifying Plaintiffs' issues with the proposed second amended answer. ECF No. 159 at 4. When Plaintiffs' counsel responded with a list of objections on July 1, the objections were not responsive to the draft that Phoenix's counsel had provided. *Id.* Phoenix's counsel responded the same day, again attaching the draft second amended answer. *Id.* Counsel finally met on July 19, but they were not able to resolve the issues, and Phoenix's counsel sent a second draft of the second amended answer to Plaintiffs' counsel, asking for specific comments, objections, and questions. *Id.* at 5. Plaintiffs' counsel received no response after multiple follow-ups by email and in person. *Id.*

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES

- 11

Plaintiffs' counsel finally sent his objections on the draft to Phoenix's counsel on August 22, while Phoenix's counsel was on vacation. *Id.* at 6. Phoenix's counsel returned from vacation on August 29, followed up by email, and a meet and confer was scheduled for the next day to deal with a discovery issue. *Id.* But when they met on August 30, counsel did not discuss the draft or Plaintiffs' objections. *Id.* On September 1, Plaintiffs filed a motion to compel regarding discovery and renewed their motion to strike affirmative defenses. ECF Nos. 103, 110.

On September 22, Phoenix filed a motion for leave to file a second amended answer. ECF No. 113. On October 12, Magistrate Judge Peterson heard arguments on the motion to compel and raised the issue of the renewed motion to strike affirmative defenses and the motion for leave to file the second amended answer. ECF No. 159 at 6. By agreement of the parties, the Court granted Phoenix's motion to file a second amended answer and struck Plaintiffs' motion to strike as to the first amended answer, without prejudice. *Id.* at 7. Unaware of the reasons for the delays, Magistrate Judge Peterson raised the potential for Plaintiffs to file a motion for fees for having to renew their motion to strike. *Id.*

On October 21, Plaintiffs' counsel sent a letter to Phoenix's counsel requesting a meet and confer on the topic of fees, offering to not file a motion for fees if Phoenix agreed to withdraw its affirmative defenses. Mot. 3; Mot. Ex. 1, ECF No. 145-1. Although Plaintiffs' counsel sent multiple follow-up emails, Phoenix's counsel did not respond. Mot. 3. Plaintiffs filed the pending motion to strike on January 3, 2023, incorporating its prior motions (ECF Nos. 77, 110) and arguments, and adding a motion for fees. Mot. 1, 16-17.

Plaintiffs seek fees they incurred in the filing of a renewed motion to strike affirmative defenses. Mot. 16-17. Plaintiffs argue that the Court invited this application for fees. *Id.* However,

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES

- 12

as Phoenix points out, Magistrate Judge Peterson invited the motion because she wanted to understand what led up to the delay, but she also stated, "I am not in any way making any sort of determination on whether or not plaintiffs should be entitled to their fees." ECF No. 159 at 7 (quoting October 12, 2022 hearing transcript, ECF No. 155 at 51). Having reviewed the sequence of events leading to the delay and the need for a renewed motion, the Court finds that fees are not appropriate. Phoenix's counsel made multiple attempts to resolve the issues and get feedback from Plaintiff's counsel. It is clear that Plaintiffs' counsel failed to cooperate, and due to that failing, the parties were unable to work together to come to an agreement and avoid the renewed motion. The issues related to affirmative defenses could have, and should have, been addressed solely between the parties, pursuant to Federal Rule of Civil Procedure 1, "to secure the just, speedy, and inexpensive" resolution of this case.

Therefore, Plaintiffs' motion for fees is denied.

## V.     CONCLUSION

For the foregoing reasons:

1. Plaintiffs' Motion to Strike or for Partial Summary Judgment and For Fees Against Defendant Phoenix Security, ECF No. 144, is DENIED.

2. The remaining dispute in Plaintiffs' motion for partial summary judgment against the State, ECF No. 140—summary judgment that the State is liable for the acts of its third-party contractor Phoenix—is DENIED.

DATED this 3rd day of July 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR FOR PARTIAL SUMMARY JUDGMENT AND FOR FEES

- 13