The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, *et al.*, <br><br> Defendants. | NO. 21-cv-1263 <br><br> **ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS** |

## I.   INTRODUCTION

Currently pending before the Court is Defendant Derek P. Leuzzi and Jane Doe Leuzzi's Second Motion to Dismiss, ECF No. 202 (sealed).  The Court previously dismissed certain claims against Assistant Attorney General Leuzzi based on his absolute immunity as an attorney representing the State of Washington.  *See* Order, ECF No. 119. Mr. Leuzzi now seeks the remaining claims also be dismissed with prejudice.  Mot. 1.  Having reviewed the materials,[1] the record of the case, and the relevant legal authorities, the Court will grant Mr. Leuzzi's motion. The reasoning for the Court's decision follows.

---

[1] Including Plaintiffs' response in opposition, ECF No. 206; Defendants' reply, ECF No. 208 (sealed); together with multiple exhibits as well as prior related motions and responses and prior related Court orders.

ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS

- 1

## II. BACKGROUND

The parties are familiar with the factual and legal background of this dispute, and the Court's prior orders provide a detailed background, so only a brief summary of facts relevant to the current motion will be given. Plaintiffs, the Medicrafts (parents and children), claim they were wrongfully separated by the State of Washington's Department of Children and Families ("DCYF"). Defendants include the DCYF, the State of Washington, Phoenix Protective Services (a state contractor), and individuals[2] who are alleged to have been involved in either the children's separation or their time in State custody. Assistant Attorney General Leuzzi acted as counsel for DCYF during the proceedings that culminated in the children being removed from their parents' custody on December 6, 2019, pursuant to an Order Placing Children in Shelter Care, issued by Judge Mafe Rajul, King County Superior Court, Juvenile Department. On October 28, 2020, King County Superior Court Judge Susan Amini issued an Order Dismissing Dependency, ordering that the children be returned to their parents.

Plaintiffs' operative complaint is their Second Amended Complaint, ECF No. 55, filed on March 7, 2022. Plaintiffs specifically pleaded the following causes of action against Mr. Leuzzi:

- Tenth Cause of Action – Deprivation Rights under 42 U.S.C. § 1983
- Twenty-third Cause of Action – Conspiracy by Defendants Leuzzi, Sterbick, and Sanchez

Sec. Am. Compl. ¶¶ 220-30, 290-93.

In its prior order, the Court reviewed five allegations in the Second Amended Complaint relevant to the causes of action asserted against Mr. Leuzzi. Defendant Leuzzi allegedly:

---

[2] Individual State defendants Derek P. Leuzzi, Tanessa Sanchez, Tabitha Culp, Elizabeth Sterbick, Tabitha Pomeroy, Ross Hunter, and Bonnie White, and individual Phoenix defendant Lufti Al Marfadi.

ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS

- 2

>(1) drafted and induced DCYF social workers to sign declarations, falsely stating among other things that the Medcraft parents failed to appear for a February 6, 2019 court appearance in New York State, SAC, ¶¶ 31-34; filed a sworn declaration falsely stating that Mrs. Medicraft "reportedly" has a history of drug and/or alcohol abuse and/or mental health issues, and had been ordered by a court to undergo chemical dependency treatment, *id.*, ¶¶ 41-42; (3) "without basis" sought court orders to medicate the children, *id.*, ¶ 47; (4) misrepresented a history of domestic violence, *id.* ¶ 44; and (5) "without basis, sought to deprive Mr. Medicraft of visitation rights." *Id.* ¶ 45.

Order 2-3, ECF No. 119. The Leuzzi Defendants moved for dismissal of all claims against them, arguing that Mr. Leuzzi is entitled to the absolute immunity afforded prosecutors under certain circumstances. First Mot., ECF No. 61.

Magistrate Judge Peterson[3] recommended that the Court find that Mr. Leuzzi is entitled to absolute immunity for all of the actions alleged and that he should be dismissed from this case. R&R, ECF No. 87. Plaintiffs filed objections, and this Court adopted in part the Report and Recommendation of Magistrate Judge Peterson. Order 12. The Court ruled that Mr. Leuzzi is absolutely immune from liability related to his alleged actions in connection with the drafting and submission of the October 28, 2019 declaration, and absolutely immune from liability related to the Sterbick and Sanchez declarations *Id.* The Court deferred ruling on the question of Leuzzi's absolute immunity from liability based on the remaining three allegations against him because there were insufficient details available for the Court to make any meaningful analysis of Mr. Leuzzi's entitlement to absolute immunity. *Id.* at 11-12. The Court authorized the Leuzzi Defendants to

---

[3] This case was previously assigned to United States District Judge John C. Coughenour and referred to Magistrate Judge Michelle L. Peterson pursuant to Local Rule MJR 6. *See* ECF No. 14. The case was reassigned to the undersigned judge on May 16, 2022.

ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS

- 3

refile the dismissal motion "if and when they obtain in discovery sufficient grounds to do so." *Id.* at 12.

The Leuzzi Defendants' pending motion provides additional facts and evidence in response to the Court's request, and seeks a ruling that Mr. Leuzzi is entitled to absolute immunity for the remaining three allegations made by Plaintiffs against him. Mot. 3.[4]

### III. LEGAL STANDARDS

**A. Motion to Dismiss**

On a motion to dismiss under Federal Rule 12(b)(6), a complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

Federal Rule 8(a)(2) provides that a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

---

[4] In their reply, the Leuzzi Defendants assert that even if absolute immunity does not apply, Mr. Leuzzi should be afforded qualified immunity for good faith actions taken as the Assistant Attorney General. Reply 5-6, ECF No. 208. Because the Court grants the motion on the grounds of absolute prosecutorial immunity, arguments related to qualified immunity are not addressed.

ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS

- 4

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Well-pled allegations in the complaint are assumed to be true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Typically, a court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. The court may consider such documents so long as their authenticity is not contested, and the complaint relies on them. *Id.*, *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

### B. Absolute Immunity

At common law, the actions of judges, prosecutors, and other officials that were "intimately associated with the judicial phase of the criminal process" have been afforded absolute immunity from suit. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Courts have extended the doctrine to attorneys acting on behalf of the state in certain civil proceedings and to social workers, reasoning that "the initiation and pursuit of child-dependency proceedings [are] prosecutorial in nature and warrant absolute immunity on that basis." *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003); *see also Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (holding absolute immunity may

ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS

- 5

apply in civil forfeiture context, as Supreme Court "has extended the reasoning of *Imbler* to agency officials 'performing certain functions analogous to those of a prosecutor'") (citing *Butz v. Economou*, 438 U.S. 478, 515 (1978)).

Absolute immunity is available, however, only where the "'activity or function' . . . was part and parcel of presenting the state's case as a generic advocate." *Cox v. Dept. of Soc. & Health Servs.*, 913 F.3d 831, 838 (9th Cir. 2019) (quoting *Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017)). In particular, actions taken "during or to initiate [dependency] proceedings" are protected by absolute immunity. *See Chen v. D'Amico*, 428 F. Supp. 3d 483, 502 (W.D. Wash. 2019) (citing *Miller*, 335 F.3d at 898) (noting that "the critical decision to institute proceedings to make a child a ward of the state is functionally similar to the prosecutorial institution of a criminal proceeding"); *see also Zayas v. Walton*, 2022 WL 1468997, at *4 (W.D. Wash. May 10, 2022) ("An assistant attorney general acting as legal counsel for the Department of Children, Youth and Families in child dependency proceedings performs quasi-prosecutorial functions and is entitled to immunity for actions in connection with initiating and pursuing child dependency proceedings.") (citing *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 504 (3d Cir. 1997) (attorney representing a state child services agency is "entitled to absolute immunity for all of [the attorney's] quasi prosecutorial activities while representing [the agency] in connection with [a child's] dependency proceedings[.]").

It follows, therefore, that in determining whether absolute immunity applies, courts are to focus on the "activities" of which the defendant is accused, and on "the nature of the function performed, not the identity of the actor who performed it." *Milstein v. Cooley*, 257 F.3d 1004 (2001) (citing *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)). Thus, "a prosecutor is entitled to absolute immunity for acts taken "in preparing for the initiation of judicial proceedings or for trial, and which occur in his role as an advocate for the State." *Kalina*, 522 U.S. at 126. Those same officials are not entitled to absolute

ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS

- 6

immunity, however, "when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives." *Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 710–11 (9th Cir. 2010) (citations omitted).

"In determining immunity, we accept the allegations of respondent's complaint as true," and "[t]he burden is on the official claiming absolute immunity to identify the common-law counterpart to the function that the official asserts is shielded by absolute immunity." *Kalina*, 522 U.S. at 122 (citation omitted); *Miller*, 335 F.3d at 897 (citing *Antoine*, 508 U.S. at 432).

### IV.  DISCUSSION

The Court will analyze each of the remaining three allegations against Mr. Leuzzi to determine if immunity applies based on the nature of the function performed. The Plaintiffs' general allegations that Mr. Leuzzi acted in an investigative role are also discussed.

**A.  Misrepresented a History of Domestic Violence**

Plaintiffs allege that Mr. Leuzzi "without basis, misrepresented a history of domestic violence; no such history exists." Sec. Am. Compl. ¶ 44. Multiple supporting documents are attached to the motion, detailing verbal and physical violence from 2017 through 2020 by Mr. Medicraft against Mrs. Medicraft and the children, by Mrs. Medicraft against the children, and by the children against each other and against others. *See* Gillespie Decl., ECF No. 203 with exhibits. Mr. Leuzzi's motions to the court detailing this history of domestic violence were based on court petitions and reports and psychological evaluations, and not "intentionally fabricated" as Plaintiffs allege. The nature of the activities and functions performed—gathering and evaluating evidence, deciding if it sufficient to support a motion, drafting motions, meeting with witnesses, and making representations to the court in support of motions—relate to his preparation for and participation in judicial proceedings, which gives rise to absolute immunity.

ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS

- 7

Plaintiffs admit that the Medicrafts have had serious relationship problems, but they argue that Judge Amini's finding that the evidence presented by Mr. Leuzzi was "not sufficient to establish the existence of past domestic violence" means that Mr. Leuzzi is precluded from "relitigating that fact issue." Opp'n 15-16, ECF No. 206. As this Court has previously clarified in this case, *see* ECF 210, collateral estoppel requires that the issues in the previous action and the instant case be identical. Clearly, the issues for a decision before this Court are not the same as the decision before Judge Amini—a dependency petition, where she found that the State had failed to carry its burden of proving that Plaintiffs were not capable parents. That Mr. Leuzzi was not successful in his advocacy for DCYF does not result in a finding that he mispresented the evidence he had before him, nor does it mean that he is barred from the protection of absolute immunity for his advocacy in presenting the history of domestic violence within the Medicraft family. Indeed, had he not provided the information to the court as part of the dependency proceedings, he would have been derelict in his duty to the court.

Accordingly, Mr. Leuzzi's representations regarding the history of domestic violence are protected by absolute immunity, and this claim will be dismissed.

**B. Sought to Deprive Mr. Medicraft's Visitation Rights**

Plaintiffs allege that Mr. Leuzzi "without basis, sought to deprive Mr. Medicraft of visitation rights." Sec. Am. Compl. ¶ 45. This allegation also appears to refer to motions filed by Mr. Leuzzi, such as the December 2019 motion to place the children in shelter care ((Gillespie Decl. Ex. H-Part 1, ECF No. 203-8), the June 4, 2020 Motion to Temporarily Suspend Parental Visitation (*Id.*), and opposition to the Medicrafts' motions to return the children, such as the motion before Judge Messitt in March 2020 (*Id.*). Plaintiffs assert that Mr. Leuzzi is not immune for his role in seeking to bar visitation because such visitation "may be limited or denied only if the court determines that

such limitation or denial is necessary to protect the child's health, safety, or welfare." Opp'n 17 (quoting RCW 13.34.136(2)(b)(11)(C)).  As discussed above, the evidence before Mr. Leuzzi supported his motions, and it is apparent that it was deemed sufficient evidence in some proceedings (although not before Judge Amini).  But it is not Mr. Leuzzi's success, or lack thereof, that weighs into the finding of absolute immunity. Mr. Leuzzi's activities in filing, supporting, and arguing such motions are quintessential functions of an attorney.  Based on the evidence before him at that time, Mr. Leuzzi's actions related to Mr. Medicraft's visitation rights were not "without basis."  Mr. Leuzzi's actions in petitioning the court are functions protected by absolute immunity, and this claim will be dismissed.

### C. Sought Court Orders to Medicate the Children

Plaintiffs allege that Mr. Leuzzi "without basis, sought court orders to medicate the Children." Sec. Am. Compl. ¶ 47.  This allegation relates to a motion filed by Mr. Leuzzi, which was supported by a psychiatric evaluation and testimony from Dr. Joanne Solchany.  Plaintiffs argue that Judge Amini found Dr. Solchany's testimony of limited value, and they note that Dr. Solchany never talked with Shaylee Medicraft although she is quoted as reporting information from such a conversation.  Opp'n 7-9, 15.  As discussed above, collateral estoppel is not relevant here, and the function of preparing for and filing motions, including discussions with Dr. Solchany, regardless of the motions ultimate success, are the traditional functions of an advocate.  This claim will be dismissed.

### D. General Allegations

Plaintiffs argue that Mr. Leuzzi exceeded his prosecutorial role, performed investigations to guide DCYF away from its duty to prioritize reunification of the family, intentionally fabricated evidence, and they assert that he is not entitled to absolute immunity for these acts.  Opp'n 2-3.

ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS

- 9

The Court has already found that Plaintiffs' specific factual allegations relate to Mr. Leuzzi's conduct as an Assistant Attorney General in the dependency proceedings, for which he is protected by prosecutorial immunity. Plaintiffs provide no factual allegations of Mr. Leuzzi fabricating evidence or making false statements, and a general allegation "on information and belief" without supporting factual allegations is not sufficient to elevate the claim above a "sheer possibility" into the realm of "plausibility." *Iqbal*, 556 U.S. at 678.

To support their contention that Mr. Leuzzi performed investigations, Plaintiffs provide an email that summarizes the dependency proceedings in early 2020. Opp'n 14; Ex. A, ECF No. 207-1. The email includes the following statements about Mr. Leuzzi's conduct: (1) he "was subpoenaing people in NY"; (2) he "wanted a reinvestigation of the case-he was very involved with finding information out-he then implied we pick up these kids (Liza didn't see the safety threat)"; (3) "he also stated they were a flight risk-he scheduled a meeting . . . and did a dramatic timeline of the family's life over the last 10 years- in the meeting it was decided to write a deceleration [sic] for a pick-up order." *Id.* Plaintiffs contend that these statements show that Mr. Leuzzi was more than "merely a mouthpiece representing DCYF's decisions," and that he "personally gathered information, and persuaded the care team to get a second removal order, using 'dramatic' advocacy, not to the court but to the social workers. . . ." *Id.* at 15.

While the email shows that Mr. Leuzzi was very involved in the dependency proceedings, that is not outside the realm of his function as the State's attorney. "[S]ubpoenaing people" is part of preparing for court proceedings, and "want[ing] a reinvestigation" does not indicate that Mr. Leuzzi performed investigations himself. The email confirms that DCYF made the decision to get the removal order, and "'dramatic' advocacy" under the circumstances present here does not transform Mr. Leuzzi's role into that of an investigator. Absolute immunity protects "the vigorous

ORDER GRANTING DEFENDANT LEUZZI'S SECOND MOTION TO DISMISS

- 10

and fearless performance of the prosecutor's duty" that is so essential to a fair, impartial justice system. *Imbler*, 424 U.S. at 427-28.

Based on the pleadings and record before the Court, Mr. Leuzzi gathered information related to the dependency proceedings, met with DCYF staff to discuss the information, and proceeded to file motions that his client decided to pursue based on that information. The nature and context of these actions are those of an attorney. Plaintiffs' claims against Mr. Leuzzi will be dismissed because he is immune from liability related to the alleged actions.

## V.     CONCLUSION

For the foregoing reasons, Defendant Derek P. Leuzzi and Jane Doe Leuzzi's Second Motion to Dismiss, ECF No. 202, is GRANTED. While accepting Plaintiffs' factual allegations as true, where they are not in conflict with the provided documentation, the Court finds the Mr. Leuzzi has met his burden to demonstrate that the alleged actions are protected by absolute immunity. Therefore, the Tenth and Twenty-Third causes of action asserted against the Leuzzi Defendants in the Second Amended Complaint, ECF No. 55, are DISMISSED WITH PREJUDICE.

DATED this 17th day of July 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge