The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MEDICRAFT, *et al.*,

    Plaintiffs,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

NO. 21-cv-1263

**ORDER RE PRETRIAL CONFERENCE RULINGS**

The Court held a pretrial conference on the record with counsel on March 22, 2024. The following rulings were issued, for the reasons as stated on the record:

- Plaintiffs' Motions in Limine (ECF No. 293)

    - Exclude evidence and argument as to the Parents' alleged encouragement of misbehavior by the Children or other supposed negligence by the Parents. DENIED.

    - Exclude contributory and comparative fault evidence. DENIED. Evidence admissible as it relates to negligence claims, but not relevant to intentional tort claims.

    - Exclude evidence and argument as to the Children's alleged misbehavior, not amounting to a colorable threat of serious injury. DENIED.

    - Exclude evidence or argument that Defendants Sanchez or Sterbick believed in good faith that they could provide false or misleading

ORDER RE PRETRIAL CONFERENCE RULINGS

- 1

        testimony to the Juvenile Court in support of removal of the Children. DENIED.

- o Exclude the use of the phrase "domestic violence." DENIED.

- o Exclude evidence or argument as to the New York State no-contact order against James Medicraft. DENIED.

- o Exclude evidence or argument that removal of the Children was justified to prevent the family from leaving the State. DENIED.

- o Exclude the Independent Medical Examinations by Jill McGovern, PhD, and conclusions derived therefrom. DENIED. The parties will provide declarations on the agreed standard of care as it relates to the conduct of Independent Medical Examinations of minors, and whether the proceedings were compliant with that standard.[1] The conduct of the proceeding overlaps with the issue of the cooperation of the children, and the Court will be reviewing the videotape provided of JM and AM's examination. The Court takes the issue of the children's cooperation and the conduct of the proceeding under advisement.

- Defendant DCYF (and individuals) Motions in Limine (ECF No. 289)

  - o Exclude evidence and argument regarding the class action *D.S. v. DCYF*, BJR-21-113. GRANTED.

  - o Exclude evidence and argument regarding the State Court dependency case against the Children, except for a stipulated fact that the state court dismissed the dependency petitions for lack of proof. GRANTED.

  - o Exclude evidence and argument regarding proposed out-of-state placements for the Children. DENIED.

  - o Exclude evidence and argument regarding reports by the Independent Office of Children and Families Ombuds. GRANTED.

  - o Exclude evidence and argument as to DCYF receiving an increase in federal funding as a function of how many children it takes into state custody. GRANTED.

---

[1] Plaintiffs will provide a copy of their declaration by Wednesday, March 27, 2024, and DCYF will provide its response by Friday, March 29, 2024.

ORDER RE PRETRIAL CONFERENCE RULINGS

- 2

- Exclude evidence and argument regarding JM and AM's Independent Medical Examinations by Dr. Kliman. Taken under advisement, based on the Court's evaluation of children's cooperation with Dr. McGovern as discussed supra.  If the Court determines that the children failed to cooperate with Dr. McGovern, then Dr. Kliman's report as to JM and AM may be excluded.

- Exclude evidence and argument regarding any potential claims by non-party minor children. GRANTED.

- Exclude evidence and argument that Defendants have not called persons to testify who are equally available to both Plaintiffs and Defendants. GRANTED.

- Exclude requests or demands for documents. GRANTED.

- Exclude evidence or argument regarding litigation-induced stress; GRANTED. The parties agreed that no evidence will be introduced of litigation-induced stress as it relates to this action, but there may be evidence of litigation-induced stress as it relates to the dependency proceeding.

- Exclude argument beyond the scope of the evidence, or for a political or punitive result. GRANTED.

- Exclude offering legal conclusions to the jury. GRANTED.

* Defendant Phoenix Motions in Limine (ECF No. 291) – as relevant to the State, which joined in the motions.

    - Exclude evidence and argument regarding the State Court dependency case against the Children. *See* supra.

    - Exclude evidence and argument regarding JM and AM's psychological evaluations. Taken under advisement.

    - Exclude testimony by AM, and any other witnesses' testimony in support of AM's claims beyond the scope of his deposition testimony.  Deferred ruling as this issue may be moot. Counsel to meet and confer and advise if any unresolved issues.

    - Exclude evidence of other lawsuits involving Phoenix. GRANTED.

ORDER RE PRETRIAL CONFERENCE RULINGS

- 3

- - Exclude evidence regarding other bad acts by Phoenix. GRANTED.
  - Exclude claims against Phoenix by James, Shaylee, NM, and MM. MOOT.
  - Exclude evidence and argument regarding litigation-induced stress. *See supra.*
  - Exclude evidence of verdicts in other cases. GRANTED.
  - Exclude evidence of litigation expenses. GRANTED.
- Issues identified by the parties as needing pretrial resolution:
  - Pretrial determination of remaining immunity claims. Joint Pretrial Statement ¶ 3.a. Counsel explained that this issue related to testimonial immunity in the underlying dependency case. The issue is mooted by ruling on motion in limine supra excluding evidence and argument regarding the State Court dependency case except for stipulated fact that the state court dismissed the dependency petitions for lack of proof.
  - Pretrial determination on admissibility of Dr. McGovern's opinions under the *Daubert* standard. *Id.* ¶ 3.b. A *Daubert* motion at this time would be untimely since the deadline for dispositive motions has passed. The Court denied motion in limine supra seeking exclusion of the Independent Medical Examinations by Jill McGovern, PhD.
  - Pretrial determination of whether DCYF is legally responsible for the actions and omissions of the other parties in this action because agency can be established as a matter of law. *Id.* ¶ 3.c. The parties appeared to agree that this issue was now moot based on the settlement with Phoenix Protective Corporation and Mr. Marfadi. Counsel is directed to advise the Court if there remain unresolved issues.
  - Pretrial determination whether the default of Defendant Cleveland King operates as his admission of all the allegations in plaintiffs' second amended complaint and whether DCYF is liable for his admitted actions and omissions. *Id.* ¶ 3.d. The parties appeared to agree that this issue was moot. The Court agreed it would refer the default matter to a magistrate judge, but prior to referral, the Court requests that a motion be filed.
  - Referrals for contempt (Judge Snyder and Judge Amini). *Id.* ¶¶ 3.f, 3.h. Plaintiffs advised they are not proceeding with this request for relief.

ORDER RE PRETRIAL CONFERENCE RULINGS

- 4

- o Determination as to whether A.M. and J.M. failed to provide meaningful evaluations with Dr. McGovern, thus requiring pursuant to ECF 224 exclusion of Dr. Kliman's report. *Id.* ¶ 3.i. Taken under advisement (as discussed supra in related motions in limine).

- o Injunctive relief related to *Braam* claim asserted against the State. *See id.* ¶ 3.g. It is possible that supplemental evidence must be presented separately to the Court before it can rule on the injunctive relief. Counsel is directed to provide to the Court by Friday, March 29, 2024, a concise outline of all remaining claims and against whom the claims are asserted.

- Trial Readiness

    - o This case is not ready to proceed to trial as scheduled on April 8, 2024, and the trial is continued to a date to be determined. The parties are directed to confer and agree on how much additional time is needed to prepare for trial and provided suggested dates when they are available.

    - o The Court advises that this will be a timed trial, but the number of days allocated cannot be determined until the Court receives the parties' revised estimates based on their outline of remaining claims and the decision on expert evidence.

ORDER RE PRETRIAL CONFERENCE RULINGS

- 5

- Summary
    - Trial is continued to a date to be determined.
    - Parties will agree on the standard of care for Independent Medical Examinations; Plaintiffs' declaration of their position on Dr. McGovern's examination is due by Wednesday, March 27, 2024; Defendants' response is due by Friday, March 29, 2024.
    - The parties will provide an agreed outline of remaining claims in this case by March 29, 2024.
    - The parties' agreed estimate of time required to prepare for trial, revised estimate of number of trial days required, and the dates the parties are available for trial is due by April 5, 2024.
    - The parties are encouraged to contact Magistrate Judge Vaughan to continue settlement discussions.

DATED this 25th day of March 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge