The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MEDICRAFT, *et al.*,

      Plaintiffs,

v.

STATE OF WASHINGTON, *et al.*,

      Defendants.

NO. 21-cv-1263

**COURT'S ORDER RE ADDITIONAL PRETRIAL RULINGS**

      The Court held a pretrial conference on the record with counsel on March 22, 2024, and issued an Order with rulings on the parties' motions in limine excepting certain matters taken under advisement. *See* Order, ECF No. 329.  One of such matters was the question as to the admissibility of the respective parties' Independent Medical Examination ("IME") reports on JM and AM.[1] *Id.*

      In their Joint Pretrial Statement, ECF No. 323, the parties identified the need for pretrial resolution determining whether JM and AM deliberately failed to provide meaningful evaluations with Dr. McGovern, which would render Dr. McGovern's report unreliable, requiring exclusion of both her report and the Plaintiffs' expert's report. The Court had previously ruled that if Plaintiffs failed to comply with providing meaningful evaluations as ordered, their own expert's report would

---

[1] The Court notes that it denied Plaintiffs' request to exclude, on *Daubert* grounds, Dr. McGovern's IME report as to JM and AM. Order, ECF No 329.

COURT'S ORDER RE ADDITIONAL PRETRIAL RULINGS

- 1

1   likewise be inadmissible. Order 4, ECF No. 221. At the pretrial conference, Plaintiffs argued that

2   Dr. McGovern's report should be excluded, not because the children failed to cooperate, but

3   because Dr. McGovern failed to follow proper standards for the examination of minors, which

4   caused the children to be uncooperative. The Court has now received the parties' respective

5   positions on the professional standards as to the examination of minors, whether Dr. McGovern's

6   interviews were compliant, and whether the children cooperated sufficiently for Dr. McGovern to

7   prepare a reliable written report pursuant to Federal Rule of Civil Procedure 35. The Court has

8   reviewed the videotape of JM and AM's examinations together with written transcripts,

9   declarations from Dr. McGovern and Dr. Beaver, and, being familiar with the record of the case,

10  rules as follows.

11          On November 6, 2023, the Court ordered, pursuant to stipulation by the parties, that IMEs

12  of minor Plaintiffs, JM, AM, and EM would be held by Dr. McGovern as specified in the Order.

13  *See* Orders, ECF Nos. 242-44. The Order included the scope of the examination, the date and time

14  of each examination (November 7-9, 2023), the place of the examination, and details regarding

15  required video and Plaintiffs' allowable representation during the examination. *Id.* The Court

16  ordered that "[t]he examination will be conducted according to professional standards as to the

17  examination of minors." *Id.* The Court further ordered a written report be prepared pursuant to Rule

18  35. *Id.*

19          The parties now appear to disagree regarding the "professional standards as to the

20  examination of minors." *See* ECF Nos. 330, 331. The American Psychological Association

21  ("APA") has an ethics code, "Ethical Principles of Psychologists and Code of Conduct," but does

22  not have a specifically defined standard of care for conducting clinical interviews of minor children

23  as part of court-ordered IMEs. Beaver Decl. ¶¶ 10-11, ECF No. 330; McGovern Decl. ¶¶ 5-6, ECF

24  COURT'S ORDER RE ADDITIONAL PRETRIAL RULINGS

25  - 2

No. 331-6. Drs. McGovern and Beaver also refer to guidelines for psychologists published by the APA and peer-reviewed publications, as well as their own broad experience in conducting various Rule 35 examinations. *See id. generally*. Dr. Beaver opines that the guidelines as well as peer-reviewed publications form a standard for psychologists who perform forensic psychological evaluations of minors. Beaver Decl. ¶ 14. Dr. McGovern opines that the APA guidelines are aspirational, and she incorporates their suggestions and recommendations into her professional work, but she contends that many of Dr. Beaver's suggested publications are related to examinations in criminal rather than civil matters and are, therefore, inapplicable to these proceedings. McGovern Decl. ¶¶ 10, 12-13.[2]

Upon review of the Court's Orders for the examinations and the video and written transcripts of the examinations conducted by Dr. McGovern, the Court finds that the examinations took place as stipulated and ordered, Dr. McGovern prepared a report as stipulated and ordered, and the conduct of her examinations was consistent with the professional standards expected by the Court in its Orders. Dr. McGovern had previously met with JM, AM, and EM in January 2023, and the children had been exceedingly uncooperative, at times to the point of belligerence, requiring the second examination. During the second examination, Dr. McGovern reported that she had no issues with EM, but JM and AM continued to be uncooperative and often hostile. McGovern Decl. ¶ 17. However, the Court observed that Dr. McGovern was able to elicit some responses from the children and was able to engage them in answering the electronic questionnaires.  In short, it appears to the Court that Dr. McGovern was able to glean sufficient information from her time with JM and AM to prepare written reports based upon the time she spent with them, her review of relevant

---

[2] The Court notes that Plaintiffs' submissions accompanying Dr. Beaver's declaration come perilously close to resembling the *Daubert* challenge that the Court expressly denied as untimely.

COURT'S ORDER RE ADDITIONAL PRETRIAL RULINGS

- 3

materials, and other related interviews that she conducted. Although Dr. McGovern's report naturally suffers from the lack of cooperation from both JM and AM, her report is sufficiently reliable to be used by Defendant.  Therefore, the Court will not exclude the Plaintiffs' report by Dr. Kliman as it pertains to JM and AM.  In sum, neither party's expert's report will be excluded.

Additionally, the Court notes that it has received separate filings from the parties outlining the remaining claims in this case. ECF Nos. 332, 333. The Court ordered the parties to provide "an agreed outline of remaining claims in this case by March 29, 2024."  Order, ECF No. 329.  Based on the different format of the parties' filings, it appears that the parties have not even met and consulted. Therefore, the Court *again* orders the parties to provide an agreed outline of remaining claims in this case, and include it together with their April 5, 2024 filing of trial estimates and availability.

Furthermore, the Court orders the parties to contact Magistrate Judge Vaughan regarding settlement.

DATED this 3rd day of April 2024.



Barbara Jacobs Rothstein
U.S. District Court Judge

COURT'S ORDER RE ADDITIONAL PRETRIAL RULINGS

- 4