The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>    Defendants. | NO. 21-cv-1263<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On April 3, 2024, the Court issued an Order re Additional Pretrial Rulings, which included a ruling that neither party's Independent Medical Examination ("IME") report will be excluded. ECF No. 334. Now pending before the Court is Defendants' Motion for Reconsideration of that ruling, requesting that the Court exclude Plaintiffs' IME as to JM and AM. Mot. Reconsider, ECF No. 345. Plaintiffs filed a response at the Court's request, and the Court held a hearing with counsel for the parties on May 15, 2024. The Court has carefully considered both party's arguments, and for the following reasons, denies Defendants' motion, but with an associated condition.

First, the Court reiterates its prior rulings on this matter:

- The Court denied Plaintiffs' request to exclude, on *Daubert* grounds, Dr. McGovern's IME report as to JM and AM. ECF No 329.

ORDER DENYING MOTION FOR RECONSIDERATION

- 1

- The Court found that although JM and AM did not fully cooperate with Dr. McGovern, and her report naturally suffered from their lack of cooperation, her report was sufficiently reliable to be used by Defendant. ECF No. 334.

- The Court denied Defendants' motion to exclude evidence and argument regarding JM and AM's psychological evaluations. *Id.*

By their motion, Defendants now ask the Court to reconsider only the denial of their motion to exclude Plaintiffs' expert evidence and argument regarding JM and AM's psychological evaluations. Mot. Reconsider 2, 7-8. Plaintiffs argue that Defendants are simply reasserting prior arguments, Opp'n 2, but the Court is mindful of its gatekeeping responsibility and therefore, will not summarily deny Defendants' motion for reconsideration.

Defendants argue that the lack of cooperation by JM and AM so hampered Dr. McGovern during the IME that she was unable to properly opine regarding certain mental health diagnoses, such as PTSD, and what future treatment will be required. The Court appreciates, indeed has already ruled, that Dr. McGovern's report suffered from the demonstrated hostility and lack of cooperation by JM and AM. But Dr. McGovern had available to her Dr. Kliman's and Dr. Wynne's reports and the underlying data that informed them, other evidence of record in this case, deposition testimony, along with her own experience and the evidence she was able to elicit from her examination of JM and AM, as well as her examination of EM. The Court finds that Dr. McGovern's report is sufficiently reliable and that she can inform the jury regarding any limitations caused by the children's lack of cooperation with the IMEs. The Court has determined that the sanction of excluding Dr. Kliman's report as to JM and AM is not warranted. However, because Dr. McGovern was disadvantaged by the lack of cooperation, the Court finds it appropriate to provide a mitigating instruction, if necessary, to explain to the jury any inability on the part of Dr. McGovern to respond to Plaintiffs' evidence regarding past trauma and damage issues regarding future treatment.

ORDER DENYING MOTION FOR RECONSIDERATION

- 2

Accordingly, the Court will not exclude Dr. Kliman's report or testimony related to JM and AM's psychological evaluations. The parties are directed to draft an appropriate mitigating instruction that the Court can provide to the jury if needed. Include the proposed instruction with other instructions that comprise the parties' Joint Pretrial Statement, which is due July 12, 2024.

DATED this 22nd day of May 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION

- 3