UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MEDICRAFT, *et al.*,

            Plaintiffs,

  v.

STATE OF WASHINGTON, *et al.*,

            Defendants.

Case No. C21-1263-BJR

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This matter is before this Court pursuant to the referral of Plaintiffs' request for entry of a default judgment against Defendant Cleveland King. (Dkt. ## 366, 367, 397.) Having considered Plaintiffs' submissions, the balance of the record, and the governing law, the Court recommends that Plaintiffs' request for entry of a default judgment against Mr. King (dkt. ## 366, 367, 397) be DENIED without prejudice, as further explained below.

## II. BACKGROUND

The operative complaint in this matter is Plaintiffs' Second Amended Complaint, which was filed on March 7, 2022. (the "SAC" (dkt. # 55).) Plaintiff filed an Affidavit of Service of Summons and Complaint on Cleveland King on April 19, 2022, stating therein that Mr. King

REPORT AND RECOMMENDATION - 1

was served with the SAC on March 26, 2022. (Dkt. # 70.) The same day, Plaintiffs filed a Motion for Default against Mr. King, with an accompanying declaration stating that Mr. King failed to respond to the SAC. (Dkt. ## 71, 72.) The Clerk of this Court entered an Order of Default against Mr. King on April 20, 2022. (Dkt. # 73.) To date, Mr. King has not responded to the SAC or otherwise appeared in this action.

On June 12, 2024, the Parties filed a stipulated motion to refer entry of default judgment against Mr. King to a U.S. Magistrate Judge. (Dkt. # 364.) On June 18, 2024, the Honorable Barbara J. Rothstein granted the parties' stipulated motion and referred this matter to the undersigned U.S. Magistrate Judge. (Dkt. # 366.) A prove-up hearing pursuant to Rule 55(b)(2) was scheduled for June 30, 2024, and Plaintiffs filed a brief, declarations, and exhibits in support of their request to enter default judgment against Mr. King. (Dkt. ## 394-98.) The prove-up hearing was held before this Court on June 30, 2024, and this Court heard oral argument from Plaintiffs. (Dkt. # 401.) Subsequently, Plaintiffs filed additional declarations in support of their request. (Dkt. ## 402-04.) No other parties appeared or filed documents regarding the prove-up hearing. (*See* dkt. # 401.)

### III. DISCUSSION

**A. Standards for Entry of Default Judgment**

The district court's decision to enter a default judgment is always discretionary, and a defendant's default does not automatically entitle a plaintiff to a court-ordered judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see* Fed. R. Civ. P. 55(b). Courts often divide their analysis of a request to enter default judgment into three steps. First, the Court must determine whether it has "jurisdiction over both the subject matter and the parties." *In re Tuli*,

172 F.3d 707, 712 (9th Cir. 1999). Next, the Court considers the following "*Eitel* factors" to determine whether to exercise its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Finally, "[i]f the court determines that default judgment is appropriate, it must then determine the amount and character of the relief that should be awarded." *Amazon.com, Inc. v. Wong*, 2024 WL 553695, at *2 (W.D. Wash. Feb. 12, 2024). "The plaintiff must prove the amount of damages to which it is entitled." *Triple B Corp. v. Wholesome Choice Mkt., Inc.*, 2020 WL 4261438, at *1 (W.D. Wash. July 24, 2020).

**B. Jurisdiction**

First, a district court has an "affirmative duty" to establish both subject matter and personal jurisdiction before entering default judgment against a defendant. *In re Tuli*, 172 F.3d at 712. A judgment entered without jurisdiction over the parties is void. *Id.* Subject matter jurisdiction is established pursuant to 28 U.S.C. § 1331 because Plaintiffs sued Mr. King under 42 U.S.C. § 1983—a federal cause of action. (SAC at 21-22.)

While personal jurisdiction is typically asserted as a waivable defense, the Court must find personal jurisdiction to enter a default judgment. *In re Tuli*, 172 F.3d at 712. Personal jurisdiction over Mr. King is unclear from Plaintiffs' pleadings. Mr. King is absent from the SAC's section on "Parties and Jurisdiction," and there are no allegations as to Mr. King's residency. (SAC at 2-4.) Plaintiffs' briefing does not address personal jurisdiction, and Plaintiffs are advised that they must establish jurisdiction as a threshold matter when moving for entry of

REPORT AND RECOMMENDATION - 3

default judgment. However, personal jurisdiction over an individual defendant may also be established by serving the defendant within this judicial district. *See* Fed R. Civ. P. 4(e). Based on the record before the Court, it appears that Mr. King was properly served within this district. (*See* dkt. # 70.)

**C.  *Eitel* Factors**

Next, the Court considers the *Eitel* factors to determine whether to exercise its discretion to recommend entering default judgment. *See Eitel*, 782 F.2d at 1471-72. As an initial matter, Plaintiff's brief does not address the *Eitel* factors.[1] (*See* dkt. # 397.) While this oversight is sufficient for the Court to recommend the denial of Plaintiffs' motion (*see Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1183 (W.D. Wash. 2022)), the Court will nevertheless analyze these factors independently. As discussed in detail below, this Court finds that the *Eitel* factors, when considered together, do not weigh in favor of entering default judgment against Mr. King.

> i.  *Prejudice Against Plaintiffs*

Plaintiffs are prejudiced if there is no "recourse for recovery" other than default judgment. *See Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Because Mr. King has chosen not to defend this action, the only way Plaintiffs could recover from Mr. King is through entry of default judgment. *See id.* However, prejudice against Plaintiffs is somewhat mitigated because, as discussed below, Plaintiffs are still able to recover from the remaining defendants if they prevail on the merits of their claims. Plaintiffs may also reapply for default judgment against Mr. King if they address the deficiencies in their present request. *See Beck v. Pike*, 2017 WL 530354, at *2 (W.D. Wash. Feb. 9, 2017) (finding "prejudice

---

[1] While the *Eitel* factors are partially discussed in the Parties' Stipulated Motion for Referral to a U.S. Magistrate Judge (dkt. # 364), that motion is not before this Court. Even then, the stipulated motion does not analyze the second, third, fourth, or fifth factors as they relate to Mr. King. (*Id.* at 6-7.)

REPORT AND RECOMMENDATION - 4

to the plaintiff" to be "neutral" where plaintiff could reapply for default judgment). Accordingly, this factor does not weigh for or against entry of default judgment.

          ii.      *Merits of Plaintiffs' Claims and Sufficiency of Complaint*

"The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). "At the default judgment stage, the court presumes all well-pleaded factual allegations related to liability are true." (*Id.*) "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quotation omitted). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). "The court cannot enter default judgment if the complaint fails to state a claim." *Wong*, 2024 WL 553695, at *3; *see Dureau v. Allenbaugh*, 708 F. App'x 443, 444 (9th Cir. 2018) (affirming denial of default judgment where the plaintiff "failed to state a claim on which relief could be granted . . . necessitating the denial of her motion for default judgment").

Plaintiffs' SAC asserts one claim against Mr. King for Deprivation of Right under 42 U.S.C. § 1983 and *Braam*.[2] (SAC at 21-22.) To state a claim under § 1983, a plaintiff must show: (1) that they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor

---

[2] The SAC also asserted a negligence claim against Mr. King. (SAC at 21.) Though the SAC is not entirely clear, the Court interpreted Plaintiffs' negligence claims as separate from claims for deprivation of rights under § 1983. (*See* dkt. ## 313 at 10, 314 at 8, 317 at 9.) On March 22, 2024, Plaintiffs voluntarily dismissed their negligence claim against Mr. King. (Dkt. # 325.)

REPORT AND RECOMMENDATION - 5

is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

The SAC generally asserts that Defendants, including Mr. King, violated "fundamental liberty interests and substantive due process rights" owed to Plaintiffs when the State took custody of them. (SAC at 21.) In their briefing, Plaintiffs explain that these rights stem from the Fourteenth Amendment's Due Process Clause and similar rights under Washington law. (Dkt. # 397 at 4 (citing *Lipscomb By & Through DeFehr v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992); *Braam ex rel. Braam v. State*, 150 Wn. 2d 689, 699-700 (Wash. 2003)).) Plaintiff appears to allege two theories of liability under § 1983 against Mr. King: (1) that he failed to investigate allegations of abuse committed by his subordinates (SAC at ¶¶ 206-08); and (2) that he personally directed Plaintiffs to be put in unsafe placements (*id.* at ¶¶ 126, 209).

The SAC's factual allegations against Mr. King are scant—he is only mentioned in 10 of the SAC's 293 paragraphs (SAC at ¶¶ 34, 61, 126, 206-11, 215), and many of those allegations are conclusory. (*See, e.g.*, *id.* at ¶ 208 ("Mr. King also participated in and/or directed the violations of JM, AM, and EM's rights, or knew of the violations of his subordinates and failed to act to prevent them."), ¶ 210 ("Mr. King's actions were reckless and/or callously indifferent to the rights of the Children.").) As discussed above, the SAC does not allege personal jurisdiction over Mr. King—he is absent from Plaintiffs' section on "Parties and Jurisdiction." (*See id.* at 2-4.) The SAC also does not allege any well-pleaded facts connecting Mr. King to the initial decision to remove the Medicraft children from the care of their parents. (*See id.* at ¶¶ 19-40.) Defaulting defendants are "not held to admit facts that are not well-pleaded or to admit conclusions of law." *See DIRECTV*, 503 F.3d at 854.

Furthermore, the SAC does not actually allege that Mr. King supervised any of the individuals named in the SAC. Mr. King is at various parts of the SAC described as a "social worker[] employed by the Department" (SAC at ¶ 34), an "area supervisor" (*id.* at ¶¶ 126, 209), and an "Area Administrator" (*id.* at ¶ 206). While the SAC vaguely mentions Mr. King's "subordinates," it does not state well-pleaded facts establishing who they were, what they did, or whether Mr. King knew of their actions. (*Id.* at ¶ 208.) As a result, the SAC fails to state a claim for § 1983 liability based on the conduct of Mr. King's subordinates.

The SAC's allegations that Mr. King personally directed violations of Plaintiffs' rights have more substance. The SAC alleges that Mr. King directed Plaintiffs' detrimental movement between placements. (SAC at ¶¶ 126, 208.) "Mr. King . . . was also responsible for the children's near constant movement among placements, including overnight stays in hotels and state motor vehicles," which purportedly harmed Plaintiffs and violated their rights. (*See id.* at ¶ 209.) While some allegations related to Mr. King's personal involvement are weak and/or conclusory (*See id.* at ¶¶ 208, 210), the SAC could be read to state a § 1983 claim against Mr. King, especially considering allegations common to other defendants.[3]

Finally, Plaintiffs point to two emails where Mr. King purportedly "admits" the Medicraft children should be returned home and instructs another State worker "to not place her emails into the FamLink database." (Dkt. # 397 at 2.) The first email dated February 10, 2020 (dkt. # 395-3 at 2), is mischaracterized by Plaintiffs' counsel—it is not an admission, but rather expresses worry that the State could be liable if the children are returned to their parents' abusive

---

[3] The SAC frames many relevant allegations as against "the State," "the Department," or all "Defendants." (*See, e.g.*, SAC at ¶¶ 48, 115, 141, 146.) As discussed further below, this framing intertwines Mr. King's actions with those of the remaining defendants, such that entering default judgment against Mr. King could cause incongruous results if the remaining defendants prevail on the merits.

REPORT AND RECOMMENDATION - 7

household. In the second email dated January 8, 2020 (dkt. # 394-2 at 2), Mr. King did instruct a fellow government employee not to "document" her concerns about the Medicraft children in "famlink." This email alone, while suspicious, does not establish Mr. King's liability under § 1983. Indeed, Plaintiffs' briefing does not explain how the evidence in the case meets the elements of a § 1983 claim. Plaintiffs submitted hundreds of pages of declarations and exhibits (dkt. ## 394-96, 402-04.) but did not cite them, provide necessary context, or show how they prove contentions against Mr. King. (*See* dkt. # 397.)

Given the lack of allegations related to personal jurisdiction over Mr. King, the insufficiency of the SAC's allegations related to supervisor liability, and minimal allegations related to Mr. King, there are doubts as to whether Plaintiffs have sufficiently pleaded a claim. *See Eitel*, 782 F.2d at 1472 (affirming denial of default judgment where "the district court could have had serious reservations about the merits of [plaintiff's] substantive claim, based upon the pleadings"). Accordingly, factors two and three weigh only slightly in favor of entering default judgment.

    iii. *Sum of Money at Stake*

In weighing the sum of money at stake, courts consider the requested amount in relation to the seriousness of the defendant's conduct. *Curtis*, 33 F. Supp. 3d at 1212. "If the amount of money is large or disproportionate, this factor weighs against default judgment." *Id.* While the allegations against Mr. King are serious, their gravity is somewhat mitigated by the insufficiency of Plaintiffs' pleadings, as discussed above, and the uncertainty of Plaintiffs' alleged damages, as discussed below. Furthermore, the amount Plaintiffs request—over $5 million (dkt. # 396 at 8)—is a large amount of money, especially for an individual defendant. *See, e.g.*, *Heritage Pac. Fin., LLC v. Hague*, 2010 WL 11596168, at *2 (C.D. Cal. Dec. 7, 2010) (finding $88,000 to be a large

REPORT AND RECOMMENDATION - 8

1  sum of money for individual defaulting defendants). Accordingly, this factor weighs against
2  default judgment.

3           iv.    *Dispute Concerning Material Facts*

4  "[T]he fifth factor requires the court to consider whether there is any possibility of a
5  material dispute as to the facts." *Emp. Painters' Tr. v. Cascade Coatings*, 2014 WL 526776, at
6  *5 (W.D. Wash. Feb. 10, 2014). While Mr. King admitted well-pleaded facts due to his default,
7  the remaining defendants still contest facts material to allegations in the SAC. Given the
8  interconnected nature of Plaintiffs' allegations against Mr. King and the remaining defendants, as
9  discussed below, it is likely that material facts are still being disputed by parties to this case. At
10 best, this factor weighs only slightly in favor of entering default judgment.

11          v.    *Excusable Neglect*

12  Given Plaintiffs' service of the SAC on Mr. King over two years ago (*see* dkt. # 70), and
13 Mr. King's subsequent failure to appear in this action, Defendant's default does not appear to be
14 due to excusable neglect. This factor weighs in favor of entering default judgment.

15          vi.    *Policy Favoring Decisions on the Merits*

16  Default judgments are generally disfavored, and cases should be decided upon their
17 merits whenever possible. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir.
18 2009). Courts generally decline to enter default judgment against a defaulting defendant when
19 non-defaulting defendants are still litigating, especially if the defendants are jointly liable. *See*
20 *Frow v. De La Vega*, 82 U.S. 552 (1872); *Neilson v. Chang (In re First T.D. & Inv., Inc.)*, 253
21 F.3d 520, 531 (9th Cir. 2001) (citing *Frow*, 82 U.S. 552). In the Ninth Circuit, this rule "is not
22 limited to complaints asserting only joint liability, but extends to certain circumstances where the
23 defendants have closely related defenses or are otherwise similarly situated." *Beck*, 2017 WL

REPORT AND RECOMMENDATION - 9

530354, at *5 (citing *Neilson*, 253 F.3d at 532); *accord Nasiri v. T.A.G. Sec. Protective Servs., Inc.*, 2023 WL 4449197, at *1 (9th Cir. July 11, 2023). "[I]t would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action." *Garamendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotations omitted).

Plaintiffs argue that Mr. King's claim is "distinct" because it is the only § 1983 claim in this case, and that Plaintiffs do not assert joint liability, thereby dodging the rules articulated under *Frow* and relevant Ninth Circuit precedent. (Dkt. # 364 at 8-10.) However, the purported distinctness of Plaintiffs' § 1983 against Mr. King is largely because of Plaintiffs' own machinations, not differences in material facts. Plaintiffs' SAC initially asserted § 1983 claims against seven defendants, including Mr. King. (SAC at 21-27.) Subsequently, Plaintiffs' § 1983 claims against all six non-defaulting defendants were dismissed on motions to dismiss and for summary judgment. (*See* dkt. ## 228, 312-15, 317.) Instead of supporting Plaintiffs' argument, this procedural history raises concerns that Plaintiffs' § 1983 claim against Mr. King is also deficient. The Ninth Circuit has overturned default judgments "that were inconsistent with the . . . court's earlier summary judgment ruling [regarding] Answering Defendants." *Neilson*, 253 F.3d at 532. As discussed above, there are already doubts about the sufficiency of Plaintiffs' § 1983 claim against Mr. King.

Instead, Mr. King is similarly situated to the remaining defendants such that it could be an abuse of discretion to enter default judgment at this juncture. Though framed as a § 1983 claim, Plaintiffs' allegations against Mr. King—that as a State employee, Mr. King failed to investigate reports of abuse or provide Plaintiffs with safe and stable housing—rely on the same facts as Plaintiffs' claims against the remaining defendants. (*See* Pls.' Pretrial Statement (dkt.

REPORT AND RECOMMENDATION - 10

# 383) at 2.) The defenses asserted by the State and other defendants are likely applicable to Mr. King. (*See id.* at 3.) If the remaining defendants prevail on the merits, finding Mr. King liable for the same alleged misconduct would create an "incongruous" result. Furthermore, Plaintiffs are seeking the exact same damages from Mr. King as the remaining defendants, raising questions as to whether the Mr. King's alleged conduct is truly distinguishable. (*Compare* dkt. # 383 at 5, *with* dkt. # 396 at 8.) Other Courts in this district have held that entering default judgment under analogous circumstances would be an abuse of discretion. *See, e.g.*, *Beck*, 2017 WL 530354, at *5; *Mason v. City of Lake Forest Park*, 2014 WL 4093933, at *4 (W.D. Wash. Aug. 18, 2014). Accordingly, this factor weighs heavily against entering default judgment.

Having analyzed all the *Eitel* factors, factor one is neutral, factors two, three, five, and six weigh only slightly in favor of entering default judgment, and factors four and seven weigh strongly against it. When considered together, this Court finds that the factors weigh against entering default judgment against Mr. King at this time.

### D. Damages

Having found that entering default judgment is not appropriate, this Court declines to consider the amount and character of relief requested by Plaintiff. This Court further notes that any future motions for entry of default judgment should comply with both Rule 55(b) and LCR 55(b)(2). Contrary to LCR 55(b)(2), Plaintiffs' briefing provided no explanation of damages specific to Mr. King beyond attaching a generalized declaration from a damages expert, and failed to state the amount and basis for attorney's fees. (*See* dkt. ## 396, 397 at 6-7.)

REPORT AND RECOMMENDATION - 11

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiffs' request for entry of a default judgment against Defendant Cleveland King (dkt. ## 366, 367, 397) be DENIED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 23, 2024**.

The Clerk is directed to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

Dated this 8th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge