1

The Honorable Barbara J. Rothstein

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

JAMES MEDICRAFT, *et al.*,

NO. 21-cv-1263

8

Plaintiffs,

**ORDER RE FOLLOW-UP PRETRIAL
CONFERENCE RULINGS**

9

v.

10

STATE OF WASHINGTON, *et al.*,

11

Defendants.

12

13      The Court held a follow-up pretrial conference on the record with counsel on August 19,

14  2024.  The following rulings were issued, for the reasons as stated on the record:

15                      **I.      MOTIONS IN LIMINE**

16      The Court confirmed that there are no further motions in limine requiring a ruling, but asked

17  for the status on whether Plaintiffs intend to call AM to testify.  Plaintiffs advised the Court that

18  they had informed Defendants of their intention to call AM, and the parties agreed that a deposition

19  would be promptly scheduled. The Court reminds the parties that if AM does not cooperate with

20  the deposition, he will not be allowed to testify.

21

22

23

24  ORDER RE FOLLOW-UP PRETRIAL CONFERENCE RULINGS

25   - 1

## II.     OTHER PENDING ISSUES

### A.  Motion re non-delegable duty questions

The Court previously denied the motion to certify questions to the Washington State Supreme Court, ECF No. 362. Order re Second Pretrial Conference Rulings, ECF No. 407.  The questions are now fully briefed, and the Court intends to rule promptly on the Plaintiffs' alternative request to answer the questions.

### B.  Clarification re Defendants' and Tender Counsel handling of objections

As previously discussed, Defendants' and Tender counsel may both examine and cross-examine witnesses at trial. They shall agree between themselves who will take lead on each witness, and the second attorney may not repeat any question on follow-up.  With regard to objections, the Court advises counsel to coordinate so that only the primary attorney makes objections, but, if necessary, the second attorney may object if the primary attorney has not already done so.  The Court will presume joinder to the objection by the other attorney unless otherwise advised.

### C.  Motion for Certificate of Finality

Plaintiffs' Motion for Certificate of Finality, ECF No. 405, is denied without prejudice.  The motion is premature.  No reply brief is necessary.

## III.     TRIAL READINESS

### A.  Witness and Exhibit Lists

Upon review of the revised submissions and objections, the Court has determined that it is not feasible in this case to preadmit exhibits. The parties are reminded that all exhibits must be pre-marked prior to trial and to coordinate with the Courtroom Deputy for the handling of exhibits. Counsel must properly move at trial for the admission of exhibits before they are shown to the jury.

ORDER RE FOLLOW-UP PRETRIAL CONFERENCE RULINGS

- 2

1    With regard to witnesses, by the end of each business day, each party shall provide to the

2  opposing party a list of witnesses intended to be called the following day so that cross-examination

3  can be prepared, and any objections can be dealt with before the trial day begins.

4    **B.  Voir Dire**

5    The Court provided a draft voir dire to counsel for review prior to the hearing. It

6  incorporated Plaintiffs' suggestions regarding the neutral statement, and the parties' agreed voir

7  dire questions.  Defendants' counsel and Tender counsel indicated no objections. Plaintiffs' counsel

8  will advise the Court by end of day if Plaintiffs have any objections.

9    DATED this 19th day of August 2024.

10

11

12    Barbara Jacobs Rothstein
      U.S. District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24  ORDER RE FOLLOW-UP PRETRIAL CONFERENCE RULINGS

25  - 3