The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, *et al.*, <br><br> Defendants. | NO. 21-cv-1263 <br><br> **ORDER RE NON-DELEGABLE DUTY QUESTIONS** |

## I.   INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Certify Questions to Washington State Supreme Court, which seeks, in the alternative, to answer the questions presented and conclude that the State's duties are nondelegable and that it owes the duties directly to the removed children. Mot. 2, ECF No. 362. The Court has previously denied this motion in part, ruling that it will not certify the question to the Washington State Supreme Court, ECF No. 407, and now considers the Plaintiffs' alternative request. The Court has reviewed the materials,[1] the record of the case, the relevant legal authorities, and heard arguments from counsel and herein provides its answer to the proposed questions.

---

[1] Including Plaintiffs' motion, ECF No. 362; Defendants' responses in opposition, ECF Nos. 373, 374; Plaintiffs' reply, ECF Nos. 381; and Defendants' surreplies, ECF Nos. 409, 411; together with exhibits and declarations..

ORDER RE NON-DELEGABLE DUTY QUESTIONS

- 1

## II. BACKGROUND

The parties are familiar with the factual and procedural background of this dispute, and many of the Court's prior orders provide a detailed background, so only a brief summary of facts relevant to the current issue will be given. Plaintiffs, the Medicrafts (parents and children), claim they were wrongfully separated by the State of Washington's Department of Children and Families ("DCYF") and that, while in state custody, the children were not properly cared for and were subjected to abusive treatment. Defendants include the DCYF, the State of Washington, Phoenix Protective Services (a state contractor), and individuals alleged to have been involved in either the children's separation or their time in State custody. Plaintiffs' operative complaint is their Second Amended Complaint, ECF No. 55, filed on March 7, 2022.

Relevant to the pending motion, Plaintiffs specifically pleaded causes of action against Phoenix that survived dismissal: Vicarious Liability for Assault of JM; Vicarious Liability for Assault of AM; Negligent Retention; and Vicarious Liability for Intentional Infliction of Emotional Distress by JM, EM, and AM. Sec. Am. Compl. ¶¶ 268-79. Plaintiffs alleged that minor Plaintiffs JM and AM were assaulted by guards that were employed by Phoenix and contracted with DCYF, and they pleaded an assault and battery claim against a Phoenix security guard, Lufti Al Marfadi. *Id.* ¶¶ 280-83. Additionally, Plaintiffs alleged that DCYF was liable for assault and battery of JM and AM, in part based on the Phoenix security guards' actions. *Id.* ¶¶ 162-65; 167-69; 176-82.

Plaintiffs moved for partial summary judgment, asking the Court to hold that the State is vicariously liable for the acts of the Phoenix security guards that were engaged as contractors with the State on the basis that the State exerted control over the security guards. Mot. Partial SJ 25-26, ECF No. 140. The Court denied Plaintiffs' motion as to the State's vicarious liability, stating that there were multiple disputes of fact regarding whether Phoenix or its employees can be considered

ORDER RE NON-DELEGABLE DUTY QUESTIONS

- 2

agents of the State when they were acting as security guards. ECF No. 224. Subsequently, Plaintiffs reached a settlement with Phoenix and Mr. Marfadi. ECF No. 324. However, Plaintiffs continue to assert that the State is liable for the claims it has made against Phoenix and its employees as agents of the State. *See* ECF No. 340 at 2 (summarizing remaining claims to include the intentional torts of assault and emotional distress).

By their motion, Plaintiffs first requested that the Court certify questions to the Washington State Supreme Court, or alternately determine if the Washington State Supreme Court would conclude that the State's "duties are nondelegable and that it owes the duties directly to the removed children." Mot. 2. However, in their Reply, Plaintiffs noted that a recent Washington State Court of Appeals decision, issued after the motion had been filed, answers the questions Plaintiffs requested the Court certify. Reply 3 (citing *Asphy v. State*, No. 85200-1-I, 2024 WL 3407762, 552 P.3d 325 (Wash. Ct. App. Jul. 15, 2024). Plaintiffs ask the Court to "answer the questions presented and conclude the State has a nondelegable duty to use ordinary care to protect the children in this case from all foreseeable harm and to provide them an environment that is reasonably free from the risk of harm." *Id.* at 7.

During the Pretrial Conference hearing, the Court ruled that it will not certify questions to the Washington Supreme Court and provided Defendants an opportunity to respond by surreply to *Asphy* and the substance of Plaintiffs' questions. Order, ECF No. 407.

### III.   DISCUSSION

By their motion, Plaintiffs ask two questions:

> Whether the State of Washington's Department of Child, Youth and Family Services ("DCYF") duty to protect minor children it removes from their home from foreseeable harm and to provide an environment free from risk of harm are nondelegable duties for which the State is ultimately liable.

ORDER RE NON-DELEGABLE DUTY QUESTIONS

- 3

>Whether the State and DCYF are directly liable to the minor children they removed from their homes under the corporate negligence theory for their breaching their duties to protect them from foreseeable harm and to provide an environment free from risk of harm.

Mot. 2. The Court shall address each in turn.

### A. DCYF's non-delegable duty

As Plaintiffs assert in their Reply, the *Asphy* Court clarified that "[w]hen the State 'exercises its *parens patriae* right' to place children in foster care, the State has not merely a 'statutory' but a 'constitutional' duty to ensure those children are free from unreasonable risk of harm." 552 P.3d at 337 (quoting *H.B.H. v. State*, 192 Wn.2d 154, 164 (2018)). The "key to triggering the duty" is based on the "assumption of responsibility for the safety of another," and a special protective relationship arises when "children are involuntarily removed from their homes by an affirmative act of the State." *Id.* at 338 (citations omitted). Clearly, in answer to Plaintiffs' question, DCYF has a duty to protect minor children it removes from their home from foreseeable harm and to ensure that those children are kept free from an unreasonable risk of harm, and this duty arises when they remove the children, rather than when they are later deemed "dependent." Further, this duty of care to the minor children that the State has taken responsibility for is not delegable, meaning the State cannot avoid liability simply by delegating its duty to another. *See Estate of Essex by & through Essex v. Grant Cnty. Pub. Hosp. Dist. No. 1*, 3 Wn.3d 1, 10-11 (2024).

DCYF argues that it did not delegate to the Phoenix security guards any duty it owed to Plaintiffs, and any duty the State has to protect the children in its care from foreseeable harm does not extend to intentional or criminal acts by third party security guards. DCYF Surreply 1. However, "[o]nce a duty of care makes a defendant responsible to protect a plaintiff from 'all foreseeable harms,' the issue becomes whether a harm may be said to be 'legally unforeseeable,'

ORDER RE NON-DELEGABLE DUTY QUESTIONS

- 4

such as, in cases of intentional or criminal conduct by a third party, because '"it is 'so highly extraordinary or improbable as to be wholly beyond the range of expectability.'" *Asphy*, 552 P.3d at 340 (quoting *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 50 (1997)). On the evidence of record before it, the Court does not find that the alleged harm caused by the Phoenix security guards was legally unforeseeable. Even though DCYF may not have delegated the children's care to the security guards, the security guards were in a position to regularly interact with the children, and it is not "wholly beyond the range of expectability" that the children may have been placed at risk of harm under these circumstances.

Once the duty is found to be nondelegable and the court determines that it is not legally unforeseeable, then the remaining issue becomes whether, under the facts and circumstance of this case, it was foreseeable. Foreseeability is normally an issue for the jury, unless the circumstances are such that reasonable minds could not differ. *See Evans v. Tacoma Sch. Dist. No. 10*, 195 Wn. App. 25, 48, 380 P.3d 553, 564 (2016) ("Foreseeability typically is a question of fact." citing *Christen v. Lee*, 113 Wn.2d 479, 492 (1989)). If the evidence is "susceptible to competing reasonable inferences, some supporting liability and others not, a fact question is presented that a jury must determine." *Asphy*, 552 P.3d at 339 (citation omitted).

**B. Corporate negligence theory**

Plaintiffs' second question asks whether the State and DCYF may be held directly liable under a corporate negligence theory. Mot. 2. With regard to Plaintiffs' claims against the State for vicarious liability, the Court has already ruled that material issues of fact preclude the Court from finding that either Phoenix or its employees can be considered agents of the State when they were acting as security guards. ECF No. 224 at 7. Plaintiffs argue that the State's "liability under a theory of corporate negligence is separate from its vicarious liability under the nondelegable duty

ORDER RE NON-DELEGABLE DUTY QUESTIONS

- 5

doctrine." Mot. 8 (quoting *Estate of Essex by & through Essex v. Grant Cnty. Pub. Hosp. Dist. No. 1*, 3 Wn.3d 1, 14 (2024)). Washington adopted the corporate negligence doctrine to address negligence by medical institutions, which grant privileges to third parties, such as doctors, to perform their inherent health care functions. *Essex*, 3 Wn.3d at 14. The parties agree that the Washington Supreme Court has not extended the doctrine beyond medical institutions. Mot. 9; DCYF Surreply 4. The circumstances present here are not similar to a hospital granting privileges to third-party doctors to provide care. Further, there is no evidence that DCYF delegated any duty to Phoenix to care for or provide services to the minor children. The Court declines to extend the corporate negligence doctrine to this case as requested by Plaintiffs.

## IV.   CONCLUSION

In sum, the Court denies Plaintiffs Motion to Certify Questions to Washington State Supreme Court, ECF No. 362. The Court finds that DCYF has a non-delegable duty to protect minor children it removes from their home from foreseeable harm and to ensure that those children are kept free from an unreasonable risk of harm.  Further, the Court declines to extend the corporate negligence doctrine to apply to this case.

DATED this 20th day of August 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE NON-DELEGABLE DUTY QUESTIONS

- 6