The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MEDICRAFT, *et al.*,

     Plaintiffs,

v.

STATE OF WASHINGTON, *et al.*,

     Defendants.

NO. 21-cv-1263

**ORDER APPROVING PHOENIX SETTLEMENT**

## I.     INTRODUCTION

Pending before the Court is a joint motion to approve settlement between Plaintiffs and Phoenix Protective Corp. ("Phoenix"), and to ratify and adopt the conditions set forth in the Settlement Guardian ad Litem's Report.  ECF No. 380.  The Court has reviewed the motion, the report of the Settlement Guardian ad Litem, ECF No. 358, and independently reviewed the proposed settlement, and the written settlement agreement between Plaintiffs and Phoenix, which was submitted for in camera review.  The Court has also held two hearings on this matter with counsel for the parties and the Settlement Guardian ad Litem. With reservations and modifications as described herein, the Court grants the motion and approves the settlement, adopting the conditions set forth in the Settlement Guardian ad Litem's report.

ORDER APPROVING PHOENIX SETTLEMENT

- 1

## II.    BACKGROUND

The parties are familiar with the factual and procedural background of this dispute, and many of the Court's prior orders provide a detailed background, so only a brief summary of facts relevant to the current issue will be given.  Plaintiffs, the Medicrafts (parents and children), claim they were wrongfully separated by the State of Washington's Department of Children and Families ("DCYF") and that, while in state custody, the children were not properly cared for and were subjected to abusive treatment.  Defendants include the DCYF, the State of Washington, Phoenix Protective Services (a state contractor), and individuals alleged to have been involved in either the children's separation or their time in State custody. Plaintiffs' operative complaint is their Second Amended Complaint, ECF No. 55, filed on March 7, 2022.

The Court previously dismissed some claims that had been asserted against Phoenix. *See* ECF No. 299. The claims remaining against Phoenix or its former employee, Defendant Lufti al Marfadi, are state law tort claims that Plaintiffs assert on behalf of three minor children, J.M., A.M., and E.M. (the "Settling Minor Children"). There are no claims remaining against Phoenix or Mr. Marfadi that are asserted by James Medicraft, Shaylee Medicraft, or the minor children M.M. and N.M. (the "Non-Settling Minor Children").

On March 22, 2024, Plaintiffs, Defendant Phoenix, and Defendant Phoenix's insurer, Philadelphia Insurance Companies ("Philadelphia") executed a written settlement agreement. The agreement requires that Phoenix and Philadelphia pay a sum certain ("Settlement Amount") within thirty days after the Court approves the settlement contemplated by the agreement. In exchange for Phoenix's and Philadelphia's agreement to timely pay the Settlement Amount, Plaintiffs agreed to several terms, including but not necessarily limited to, dismissing the Settling Minor Children's claims that remain against Phoenix and Mr. Marfadi with prejudice; Plaintiffs, the Settling Minor

ORDER APPROVING PHOENIX SETTLEMENT

- 2

1   Children, and the Non-Settling Minor Children release Phoenix, Philadelphia, and Mr. Marfadi

2   (amongst others) from all known or unknown claims; and DCYF would receive a dollar-for-dollar

3   set off against all damages caused by Phoenix or Mr. Marfadi's acts or omissions for which DCYF

4   is determined to be vicariously liable.

5       Upon joint motion by the parties, attorney-at-law Andrew Lee Benjamin was appointed by

6   the Court to be the Settlement Guardian ad Litem ("SGAL"). The SGAL was appointed to represent

7   the Settling Minor Children's and the Non-Settling Minor Children's interests and to review the

8   agreement and the settlement's terms and conditions and make a recommendation as to whether the

9   settlement and agreement are reasonable to those children. The SGAL reviewed the agreement and

10  the settlement's terms and conditions; reviewed litigation financing documents that Plaintiffs had

11  executed to pay litigation costs, which includes lien rights against any settlement amounts;

12  interviewed Plaintiffs; interviewed Settling Minor J.M.; and interviewed Plaintiffs' counsel. The

13  SGAL then issued his report, which recommends that the Court approve the agreement as a partial

14  settlement of the remaining claims that Plaintiffs assert in this case, subject to certain conditions,

15  and with recommendations regarding the allocation and distribution of the proceeds on the Settling

16  Minor Children's behalf.

17      At the outset of this litigation, Plaintiffs entered into a litigation financing agreement with

18  Legalist, Inc. As a result of this litigation financing agreement and the 40% contingency fee

19  agreement that Plaintiffs entered into with their counsel, the total fees and costs of $1,558,633.68

20  represent 78% of the Settlement Amount, of which the attorneys would receive $800,000. The

21  Court has grave reservations about approving such a significant amount as being fair and

22  reasonable. At one time, the practice of allowing a disinterested party such as Legalist to finance a

23  lawsuit for a share of the proceeds—champerty—was prohibited under the common law.  The

24  ORDER APPROVING PHOENIX SETTLEMENT

25  - 3

1    practice of third-party litigation financing was seen as problematic because it could lead to an

2    increase in frivolous or vexatious litigation, as well as potential corruption and manipulation of the

3    legal process. However, the Court recognizes that Plaintiffs are not objecting to the share of

4    proceeds allocated to Legalist and attorneys' fees, and appreciates the recommendations made by

5    the SGAL to protect the Settling Minor Children's interests.

6          At the same time, the Court finds that a contingency fee of 40% for settlement prior to trial

7    is not reasonable. The Court has reviewed the attorneys' lodestar calculations of their fees and costs

8    in this case to date and recognizes that these numbers include work by counsel on the case against

9    the State as well as the case against Phoenix. Further, the Court notes that there was litigation

10   financing in place at the commencement of litigation, which reduced the initial risk that the

11   attorneys undertook in agreeing to represent Plaintiffs on a contingency fee basis. In this Court's

12   opinion, it is not only reasonable, but sensible, to limit the contingency fees to 35% of this partial

13   settlement, which reduces the attorneys' fee award to $700,000. Counsel's agreement to set aside

14   $200,000 of the contingency fee to advance costs so the case can move forward without further

15   third-party financing also helps mitigate the fact that the legal fees and costs far exceed the net

16   amount awarded to the Settling Minor Children. Accordingly, the Court will grant the joint motion

17   with this modification and makes the following findings and conclusions.

18   ### III.    FINDINGS

19         1.    The "remaining claims" being asserted against Defendant Phoenix and its former

20   employee security guard Defendant Lufti al Marfadi are state law tort claims asserted on behalf of

21   three minor children J.M., A.M., and E.M.

22         2.    On March 22, 2024, Plaintiffs and Defendant Phoenix entered into a written

23   settlement agreement that was jointly negotiated and drafted by the signing parties with their

24   ORDER APPROVING PHOENIX SETTLEMENT

25   - 4

counsel ("Settlement Agreement").  The Settlement Agreement was freely and voluntarily entered into by the signing parties.

3.     The Settlement Agreement contemplates Plaintiffs and all five minor children releasing any known or unknown claims against Defendants Phoenix and Mr. Marfadi ("Release Provisions").

4.     The Settlement Agreement contemplates Plaintiffs dismissing the remaining claims asserted on behalf of J.M., A.M., and E.M.  ("Dismissal Provisions").

5.     The Settlement Agreement provides a dollar-for-dollar set off in favor of the Defendant the State of Washington Department of Children Youth and Families to the extent it may be found liable for the acts or omissions of Defendants Phoenix or Mr. Marfadi ("Set-Off Provisions").

6.     The SGAL Report recommends the Court approve the settlement, including the Release Provisions, Dismissal Provision, and Set-Off Provisions because overall they are fair and reasonable.  The SGAL also recommends allocation and disbursement of the Settlement Amount in the Settlement Agreement provided certain terms and conditions are placed upon Plaintiffs and Plaintiffs' counsel.

7.     The Court carefully and independently reviewed the Settlement Agreement and the SGAL Report and based on its own independent analysis it concludes the overall settlement, as modified herein with regard to attorneys' fees, is fair and reasonable and is in the best interests of the minor children. The Court's conclusion is supported by the facts in the SGAL Report and its similar conclusion.

8.     The Court considered the allocation and distribution of the Settlement Amount recommended by the SGAL in the SGAL Report and independently determined the allocation and

ORDER APPROVING PHOENIX SETTLEMENT

- 5

distribution recommended by the SGAL Report, as modified by this Order, are fair and reasonable and in the best interests of the minor children. The SGAL is directed to provide, within five days of this Order, a revised report ("Revised SGAL Report") accounting for the reduction of attorneys' fees, correcting minor arithmetical errors contained in the existing report, and applying his best discretion to adjust the allocation and disbursement of funds accordingly.

9.      Based on the foregoing, this Court approves the settlement embodied in the Settlement Agreement as well as the conditions on Plaintiffs and Plaintiffs' counsel that are in the SGAL Report as modified in the Revised SGAL Report.

10.      The Release Provisions, Dismissal Provision, and Set-Off Provisions as set forth in this Order are, therefore, binding on all Plaintiffs, including the five minor children.

11.      Plaintiffs' counsel shall file the necessary proofs with the Court showing the allocation and distribution of the Settlement Amount were properly made as set forth in the Revised SGAL Report. This Court will retain jurisdiction over this matter to enforce the conditions for the settlement that are provided in the Revised SGAL Report or this Order, to assure compliance with the allocation and distribution provisions in the Revised SGAL Report or this Order, and to authorize distributions from the blocked accounts or the annuities for the three settling minors, if necessary.

12.      Plaintiffs, each of the five minor children, and Plaintiffs' counsel are ordered to comply with the Settlement Agreement and SGAL Report's Recommendations, including Plaintiffs receiving a loan from the three Settling Minor Children and reimbursements that the Plaintiffs are required to pay back either for improvements to the family home or to pay off any liens on the settlement proceeds.

ORDER APPROVING PHOENIX SETTLEMENT

- 6

13.     Phoenix is ordered to comply with the Settlement Agreement, including timely paying the Settlement Amount within thirty days from the day of this Order and the SGAL's agreed-upon fees, which the Court finds to be reasonable and necessary.

14.     Plaintiffs' counsel are ordered to comply with the Revised SGAL Report's provisions regarding the required modification to the fee agreement they have with Plaintiffs for their handling this matter. This is a condition to the Court approving the distributions to Plaintiffs' counsel of its attorney fees as modified by the Court, to be reflected in the Revised SGAL Report, which the Court accepts as fair and reasonable pending any final settlement or judgment in this case where the overall fees and costs can be measured in relation to the amounts received by the minor children in this matter.

15.     Plaintiffs' counsel are ordered to comply with the allocation and distribution provisions in the Revised SGAL Report, including directing the portions of the settlement amount to the annuity company and to blocked accounts as well as filing with the Court the required proof of compliance.

## IV.     CONCLUSION

The Court approves the Settlement under the conditions required in the Settlement Guardian ad Litem's Report as modified herein, which will be provided in a revised report to the parties' and the Court within five days of this Order. The parties' Joint Motion to Approve Partial Settlement, ECF No. 380, is GRANTED.

DATED this 6th day of September 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER APPROVING PHOENIX SETTLEMENT

- 7