UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, et al.,<br><br>　　　　　　　　Plaintiff(s),<br>　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　　　Defendant(s). | CASE NO. C21-1263-KKE<br><br>ORDER DENYING PLAINTIFFS' MOTION TO TERMINATE AND GRANTING IN PART DEFENDANTS' MOTION TO EXCLUDE |

　　　　This case arises from a court-ordered separation of Plaintiffs James and Shaylee Medicraft ("the Parents") from their minor children ("the Children"). After the Children were eventually returned to the custody of the Parents, the Parents filed this lawsuit and Defendants removed to this Court. Dkt. No. 1. Plaintiffs' operative complaint alleges 23 causes of action against the State of Washington and others for harms suffered by the Parents and Children during the time that the Children were in State custody. *See* Dkt. No. 55.

　　　　One of the Children, A.M., was deposed in March 2023, and that deposition was truncated when A.M. became medically unavailable. *See* Dkt. No. 487. Defendant Phoenix Protective Corporation thereafter filed a motion in limine to exclude A.M. as a trial witness and to limit other witness testimony in support of his claims beyond the scope of his limited 2023 deposition testimony. *See* Dkt. No. 291 at 6–7. The Court ordered the parties to meet and confer on this motion (Dkt. No. 329), and Plaintiffs thereafter confirmed that A.M. remained unavailable for

deposition due to medical reasons. Dkt. Nos. 369-1, 369-2. Defendants then renewed the previous motion in limine. Dkt. No. 368. The Court imposed a deadline on Plaintiffs to determine whether A.M. will be called to testify at trial, and if they intended to call him to testify, Defendants could depose A.M. either in person or remotely. Dkt. Nos. 407, 422. The Court explained that it imposed no time limits on the deposition, but Defendants' counsel was encouraged "to use restraint in consideration of AM's age and attention issues, and the parties should be prepared to take breaks as needed to facilitate a meaningful deposition. Should AM not cooperate, he will not be allowed to testify." Dkt. 407 at 1–2.

The parties attempted a second deposition of A.M. in September 2024, but this deposition again ended before it was completed. *See* Dkt. Nos. 461, 464. According to Plaintiffs, the deposition should be properly terminated under Federal Rule of Civil Procedure 30(d)(3)(A) because it was conducted in a harassing manner. Dkt. No. 458. Defendants, on the other hand, contend that the deposition was conducted in a reasonable manner, but A.M. failed to cooperate. Dkt. No. 463. Defendants thus renew the motion in limine to exclude A.M. as a trial witness and to limit testimony in support of his claims beyond the scope of his limited 2023 deposition testimony. *Id*.

Based on the Court's review of the 2024 deposition transcript (Dkt. No. 464-2) and the video excerpts thereof provided by Plaintiffs (Dkt. No. 461), the Court finds that Defendants have accurately characterized the deposition and A.M.'s conduct. A.M. failed to cooperate with reasonable lines of questioning from Defendants' counsel. While the Court is sympathetic to the difficulty of testifying to sensitive topics at a young age, Defendants are likewise entitled to understand the nature of A.M.'s claims, and to explore such claims through a deposition. Therefore, under the Court's prior ruling (Dkt. No. 407 at 2), A.M. shall not be permitted to testify at trial.

ORDER DENYING PLAINTIFFS' MOTION TO TERMINATE AND GRANTING IN PART DEFENDANTS' MOTION TO EXCLUDE - 2

The Court therefore DENIES Plaintiffs' motion to terminate (Dkt. No. 458) and GRANTS IN PART Defendants' motion to exclude (Dkt. No. 463).  A.M. shall not be permitted to testify at trial and his 2024 deposition is also excluded.

Defendants also seek to preclude any prior testimony in support of A.M.'s claims beyond the scope of his limited 2023 deposition testimony.  *See* Dkt. No. 480 at 1; *see also* Dkt. No. 368 at 4–5.  What prior testimony Defendants seek to exclude here is not clear to the Court.  While as a general matter, the Court agrees that Plaintiffs may not attempt to inappropriately circumvent the impact of this order, because Defendants have not identified with specificity what other prior testimony they wish to exclude, this aspect of Defendants' motion is DENIED without prejudice to renewal at trial.

Dated this 17th day of December, 2024.

Kymberly K. Evanson
United States District Judge