UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, et al., <br><br>              Plaintiff(s), <br>       v. <br><br> STATE OF WASHINGTON, <br><br>              Defendant(s). | CASE NO. C21-1263-KKE <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR PRETRIAL EVIDENTIARY RULINGS |

## I.    INTRODUCTION

This case arises from a court-ordered separation of Plaintiffs James and Shaylee Medicraft ("the Parents") from their minor children ("the Children"). After the Children were eventually returned to the custody of the Parents, the Parents filed this lawsuit and Defendants removed to this Court. Dkt. No. 1. Plaintiffs' operative complaint alleges 23 causes of action against the State of Washington and others for harms suffered by the Parents and Children during the time that the Children were in State custody. See Dkt. No. 55.

Plaintiffs filed a motion for pretrial evidentiary rulings as to three categories of evidence. *See* Dkt. No. 455. First, Plaintiffs seek to exclude case notes written by Defendant social workers on the grounds that they are inadmissible hearsay. *Id*. Second, Plaintiffs seek to exclude expressions of profanity or anger attributed to the Parents or the Children as unduly prejudicial. *Id*. Third, Plaintiffs argue that Defendants have waived attorney-client privilege that was

previously applied to certain statements and documents related to advice provided by former Defendant Derek Leuzzi, an assistant attorney general for the State of Washington. *Id*.

After considering the parties' briefing and oral argument on December 9, 2024, the Court will deny Plaintiffs' motion, finding that the evidence included in the first two categories of documents has not been identified with the specificity that would allow the Court to rule at this time. The Court also finds that Defendants have not waived any privilege and that prior court rulings related to Mr. Leuzzi remain in effect.

## II.   ANALYSIS

### A.   Legal Standards

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (cleaned up), *aff'd in part, rev'd in part on other grounds, dismissed in part*, 613 F. App'x 610 (9th Cir. 2015). "Unless a party can meet this 'high standard,' evidentiary rulings should be deferred until trial because 'a court is almost always better situated during the actual trial to assess the value and utility of the evidence.'" *Orgain, Inc. v. N. Innovations Holding Corp.*, No.: 8:18-cv-01253-JLS-ADS, 2022 WL 2189602, at *1 (C.D. Cal. Feb. 17, 2022) (quoting *Goodman*, 963 F. Supp. 2d at 1047).

### B.   The Court Cannot Rule Categorically as to the Admissibility of the Challenged Social Worker Case Notes or the Profane/Racist Statements.

Plaintiffs seek a pretrial ruling that Defendants may not offer State-employed social workers' case notes because they constitute inadmissible hearsay and do not fall under the exception for business records because Plaintiffs believe the notes were not trustworthy. Dkt. No.

455 at 7–8. This is an improper motion in limine because Plaintiffs have failed to identify with specificity the case notes that they believe should be excluded, and the Court declines to provide a categorical ruling out of context at this time. *See, e.g.*, *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible.").

Likewise, Plaintiffs request that references to the Children's and the Parents' use of profane language or racial slurs should be excluded at trial because the potential for unfair prejudice would outweigh the probative value of such evidence. *See* Fed. R. Evid. 403. Defendants have identified significant probative value to such evidence, and the Court cannot weigh the potential for unfair prejudice against that value in the absence of specific context. Accordingly, the Court again declines to provide a categorical ruling at this time and will revisit this issue as needed at trial.

C.    **Defendants Did Not Waive a Privilege With Respect to Mr. Leuzzi.**

Plaintiffs suggest that a recent filing from Defendants constitutes a waiver of Defendants' attorney-client privilege. Dkt. No. 455 at 9–11. In the brief at issue, Defendants assert that Defendant Elizabeth Sterbick was directed by her supervisor (after her supervisor spoke with an assistant attorney general) to pick up the Children from placement with their mother. *See* Dkt. No. 453 at 8. Plaintiffs construe that statement as a disclosure that Defendants removed the Children from the Parents on the basis of legal advice received from an assistant attorney general, and that this disclosure constitutes a waiver of the attorney-client privilege applicable to advice Defendants received from Mr. Leuzzi. Dkt. No. 455 at 10.

As a result, Plaintiffs request that the Court order Defendants to produce an unredacted version of Ms. Sterbick's statement describing the removal of the Children (Dkt. No. 394-2) and that Plaintiffs should be permitted to depose Mr. Leuzzi about his advice regarding the removal of

the Children. Dkt. No. 455 at 11. The Court previously found that parts of Ms. Sterbick's statement were privileged and ordered the redactions Plaintiffs seek to remove, and also denied Plaintiffs' earlier motion to compel discovery from Mr. Leuzzi. *See* Dkt. Nos. 200, 225.

Plaintiffs have not acknowledged these rulings, nor have they shown that they should be reconsidered, because their argument here is based on a misreading of Defendants' briefing. Defendants' briefing does not state that Ms. Sterbick ever spoke to Mr. Leuzzi nor that her supervisor's instruction was based on legal advice; it says that Ms. Sterbick was instructed by a supervisor who had spoken to an assistant attorney general. *See* Dkt. No. 453 at 8. This factual summary does not constitute a disclosure of communications protected by the attorney-client privilege, and thus does not constitute a waiver of the privilege. *See, e.g.*, *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) (explaining that "voluntarily disclosing privileged documents to third parties will generally destroy the [attorney-client] privilege").

### III.    CONCLUSION

For these reasons, the Court DENIES Plaintiffs' motion for pretrial evidentiary rulings (Dkt. No. 455).

Dated this 17th day of December, 2024.

Kymberly K. Evanson
United States District Judge