UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, et al.,<br><br>                Plaintiff(s),<br>   v.<br><br>STATE OF WASHINGTON,<br><br>                Defendant(s). | CASE NO. C21-1263-KKE<br><br>ORDER DENYING PLAINTIFFS' MOTION TO DETERMINE PRETRIAL ISSUES AND GRANTING DEFENDANTS' MOTION TO DETERMINE PRETRIAL ISSUES |

## I.    INTRODUCTION

Plaintiffs James and Shaylee Medicraft ("the Parents") filed this action alleging 23 causes of action against the State of Washington and others for harms suffered by them and their minor children ("the Children") during a period when the Children were in State custody. *See* Dkt. No. 55.

As this case approaches trial, the parties have filed motions requesting clarification from the Court on certain issues in advance of trial. Dkt. Nos. 453, 456. In their motion, Plaintiffs first request that the Court enter judgment on their behalf as to certain allegations that they describe as undisputed. Dkt. No. 456 at 1–6. Second, Plaintiffs request confirmation that the continuing out-of-home placement of the Children beyond January 2020 (30 days after they were removed in December 2019) was unlawful because no shelter care hearings were held, and furthermore unlawful because the Children were removed from the home without a court-authorized pick-up

order.[1] Dkt. No. 456 at 8. Third, Plaintiffs request that the Court hold that under *Asphy v. State*, 552 P.3d 325 (Wash. Ct. App. 2024), Plaintiffs' claims against the State of Washington for breaching its non-delegable duties to the Children subsume their vicarious liability claims against the State for the alleged tortious conduct of the Phoenix security guards. Dkt. No. 456 at 2. Last, Plaintiffs seem to request that the Court expand a prior ruling that the State deprived the Children of stable placements into judgment as a matter of law on Plaintiffs' claim under *Braam v. State*, 81 P.3d 851, 857 (Wash. 2003).

The Court has considered the parties' briefing on Plaintiffs' motion and heard from counsel at oral argument on December 9, 2024. For the following reasons, the Court denies Plaintiffs' motion and grants Defendants' motion.

## II.    ANALYSIS

### A.    Disputed Facts Preclude Judgment as a Matter of Law for Plaintiffs.

The first section of Plaintiffs' motions seems to request dispositive rulings based on allegations characterized as undisputed. Dkt. No. 456 at 1–6. The Court has concerns about the nature of the relief requested. First, the dispositive motions deadline is long expired. *See* Dkt. No. 234 (setting the dispositive motions deadline for December 29, 2023). Furthermore, as indicated in Defendants' opposition to the motion (Dkt. No. 467 at 1–4), the allegations listed in Plaintiffs' motion are not in fact undisputed and, in some cases, mischaracterize prior Court rulings. *Id*. The Court declines to provide dispositive rulings where facts remain in dispute, and thus denies Plaintiffs' motion to the extent it asks the Court to convert the assertions in the first part of its motion into rulings as a matter of law. Dkt. No. 456 at 1–6.

---

[1] Defendants' motion relates to these issues and, as explained later in this order, will be granted for the same reasons that Plaintiffs' motion is denied. *See* Dkt. No. 453.

ORDER DENYING PLAINTIFFS' MOTION TO DETERMINE PRETRIAL ISSUES AND GRANTING DEFENDANTS' MOTION TO DETERMINE PRETRIAL ISSUES - 2

**B.  Plaintiffs' Operative Complaint Does Not Allege a Cause of Action for Wrongful Removal of the Children Based Either on the Lack of Shelter Care Hearings Every 30 Days While the Children Remained in State Custody, or the Lack of a Pick-up Order.**

Plaintiffs' motion argues that in light of a recent Washington Supreme Court decision, *In the Matter of the Dependency of Baby Boy B.*, 554 P.3d 1196 (Wash. 2024), the State's failure to hold ongoing shelter care hearings while the Children were in State custody was unlawful.  Dkt. No. 456 at 7–8.  That may be a correct reading of *Baby Boy B.*, but no cause of action based on a failure to hold ongoing shelter care hearings is to be found in Plaintiffs' operative complaint (Dkt. No. 55).  Neither does the operative complaint allege a claim for wrongful removal based on a lack of a pick-up order underlying the Children's removal into State custody.  *See id*.

To the extent that Plaintiffs' motion requests that the Court either acknowledge the existence of these potential causes of action or that the Court should provide dispositive relief on them, the Court finds that no such claims are alleged in this suit.[2]  *See* Dkt. No. 333 (Plaintiffs' description of the claims remaining for trial as of March 29, 2024).

**C.  The Relationship Between the State's Non-Delegable Duty and Potential Vicarious Liability for Intentional Torts Cannot Be Determined as a Matter of Law.**

Plaintiffs' operative complaint asserts a claim against the State for its failure to keep the Children free from risk of harm when it removed them from the Parents' care and failed to find adequate placement for them while in State custody.  *See* Dkt. No. 55 ¶¶ 157–61.  Plaintiffs also allege assault and battery, negligence, and intentional/negligent infliction of emotional distress claims against Defendant Phoenix Protective Corporation and an individual Phoenix guard, Lufti al Marfadi.  *Id*. ¶¶ 268–83.

---

[2] This finding implicates the Defendants' counterpart motion to determine pretrial issues, which seeks to preclude Plaintiffs from arguing or presenting evidence related to an assertion that the State's removal of the Children was wrongful due to lack of a pick-up order.  *See* Dkt. No. 453.  Because the Court finds that no claim related to the lack of a pick-up order is alleged in the operative complaint, the Court will grant Defendants' motion to exclude argument and evidence related to this claim.

ORDER DENYING PLAINTIFFS' MOTION TO DETERMINE PRETRIAL ISSUES AND GRANTING DEFENDANTS' MOTION TO DETERMINE PRETRIAL ISSUES - 3

Plaintiffs previously moved for summary judgment on their claims against the State and Phoenix, arguing (among other things) that Phoenix is vicariously liable for the acts of its employees (individual security guards that interacted with the Children while they were in State custody) and that the State is vicariously liable for the Phoenix guards' acts because they were employed as State contractors. *See* Dkt. Nos. 140, 144. The Court found that multiple disputes of fact as to any agency relationship between the State and Phoenix, and the scope of the guards' employment, prevented the Court from ruling as a matter of law that either Phoenix or the State is vicariously liable for the acts of the individual guards. Dkt. No. 224 at 6–7.

The Court subsequently dismissed some claims asserted against Defendant Phoenix Protection Services (Dkt. No. 299), and earlier this year, Plaintiffs settled the remaining state-law tort claims against Phoenix and Mr. Marfadi, asserted on behalf of three of the Children. *See* Dkt. No. 431. The Court described some of the relevant terms of the settlement agreement:

> In exchange for Phoenix's and [its insurer's] agreement to timely pay the Settlement Amount, Plaintiffs agreed to several terms, including but not necessarily limited to, dismissing the [] claims that remain against Phoenix and Mr. Marfadi with prejudice; [the Parents and the Children] release Phoenix, [its insurer], and Mr. Marfadi (amongst others) from all known or unknown claims; and [Washington's Department of Children, Youth and Families ("DCYF")] would receive a dollar-for-dollar set off against all damages caused by Phoenix or Mr. Marfadi's acts or omissions for which DCYF is determined to be vicariously liable.

*Id*. at 2–3. After holding two hearings on the parties' joint motion to approve the settlement agreement (Dkt. No. 414, 428), the Court approved the settlement in September 2024. Dkt. No. 431.

Plaintiffs now seek a ruling that their claims against the State for breach of its non-delegable duty to protect the Children from harm while in State custody are broader than their vicarious liability claims against the State for damages caused by Phoenix or Mr. Marfadi, such that the vicarious liability claims are subsumed within the claims for breach of the non-delegable

duty. Dkt. No. 456 at 9–10. If the Court agrees with that statement, then Plaintiffs indicate they will "dismiss [their] vicarious liability claims against the State and that will eliminate any requirement that Phoenix or Phoenix's employed security guards were acting within the scope of their employment, it will eliminate any need to apportion fault between Phoenix and the State, and will simplify the verdict form." *Id*. at 10. Plaintiffs suggest that their position is supported by a recent Washington State Court of Appeals decision issued in *Asphy v. State*, 552 P.3d 325 (Wash. Ct. App. 2024).

   The Court previously ruled that, consistent with *Asphy*, the State indeed "has a non-delegable duty to protect minor children it removes from their home from foreseeable harm and to ensure that those children are kept free from an unreasonable risk of harm." Dkt. No. 423 at 6. Plaintiffs have cited no authority indicating that a claim for breach of this non-delegable duty necessarily subsumes their vicarious liability claims against the State as a matter of law, and the Court is not aware of any. Therefore, the Court will deny Plaintiffs' motion for a pretrial ruling as a matter of law as to subsummation. If Plaintiffs wish to dismiss their vicarious liability claims against the State, on a theory that they are subsumed within the claims based on the State's non-delegable duty, they remain free to do so. *See, e.g.*, Dkt. No. 466 at 7.

    To the extent that Plaintiffs' reply brief requests different relief, specifically that "the Court determine how the jury be instructed regarding damage flowing from the State's negligence and Phoenix's intentional acts or omissions" (Dkt. No. 475 at 4), this request is premature and therefore denied. The Court will have ample opportunity to determine the appropriate jury instructions, but that issue is not currently pending before the Court. *See, e.g.*, Dkt. No. 491 (the parties' joint status report proposing that the parties file proposed jury instructions on February 21, 2025).

ORDER DENYING PLAINTIFFS' MOTION TO DETERMINE PRETRIAL ISSUES AND GRANTING
DEFENDANTS' MOTION TO DETERMINE PRETRIAL ISSUES - 5

**D.     Plaintiffs are Not Entitled to Judgment as a Matter of Law on Their Substantive Due Process Claim Under *Braam v. State*.**

The last section of Plaintiffs' motion seems to restate their substantive due process claim against the State. Dkt. No. 456 at 10–11. This section contains no request for relief. *Id*. The Court previously denied Plaintiffs' motion for summary judgment on this claim, finding disputes of fact. *See* Dkt. No. 210 at 15–16. Plaintiffs have not shown that reconsideration of that order is appropriate and the Court will therefore deny Plaintiffs' motion to the extent it could be construed as requesting judgment as a matter of law on their substantive due process claim.

### III.     CONCLUSION

For these reasons, the Court DENIES Plaintiffs' motion to determine pretrial issues (Dkt. No. 456) and GRANTS Defendants' motion to determine pretrial issues (Dkt. No. 453).

Dated this 20th day of December, 2024.

Kymberly K. Evanson
United States District Judge