UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, et al.,<br><br>      Plaintiff(s),<br><br> v.<br><br>STATE OF WASHINGTON, et al.,<br><br>      Defendant(s). | CASE NO. C21-1263-KKE<br><br>ORDER SETTING AGENDA FOR PRETRIAL CONFERENCE ON MARCH 3, 2025 |

The Court has received the parties' pretrial order (Dkt. No. 511), which describes a number of disputes as to facts and the law applicable to the upcoming trial. To allow counsel to prepare for the next pretrial conference, scheduled for March 3, 2025, the Court notifies the parties of this non-exhaustive list of items to be discussed at that conference:

(1) **The status and/or method of resolving Plaintiffs' claim for prospective injunctive relief under § 1983 against the State.** What injunctive relief is requested? The parties seem to agree that supplemental evidence may be required before such relief can be granted (Dkt. No. 511 at 3–5), and the Court previously suggested the same, in passing. *See* Dkt. No. 452 at 23–24. The Court also notes that Plaintiffs' motion for a certificate of finality seems to overlook the claim for injunctive relief under § 1983. *See* Dkt. No. 405 at 11–16 (requesting that the Court certify that the dismissal of all § 1983 claims as final, only state claims would remain in this case, which could provide grounds for

the Court to decline to exert supplemental jurisdiction). When, at a pretrial conference in August 2024, the Court asked Plaintiffs whether they were continuing to seek injunctive relief and/or whether they were intending to request remand of this case to state court, counsel requested additional time to think on the issue. Dkt. No. 452 at 23–25. Have Plaintiffs solidified their position on that question?

(2) **Whether the parties agree that the only claims to be resolved to trial are state-law claims.** The Court seeks clarification as to the import of the parties' dispute as to the appropriate standard for a substantive due process claim. *See* Dkt. No. 511 at 11–12. Do the parties agree that the pretrial order's discussion of the standards applicable to a substantive due process claim are relevant only for the § 1983 claim for injunctive relief?

(3) **Whether the Court has diversity jurisdiction over this action.** Plaintiffs assert that this Court has federal question and diversity jurisdiction, and Defendants assert federal question jurisdiction, but also that they agree with Plaintiffs' assertion. Dkt. No. 511 at 1–2. Do Plaintiffs and Defendants agree that the Court has diversity jurisdiction over this case? The Court's review of the operative complaint (Dkt. No. 55) suggests that there are not sufficient factual allegations as to the citizenship of any of the parties from which the Court could find the existence of complete diversity. Plaintiffs seemed to suggest in their motion for a certificate of finality that the only basis for this Court's exercise of jurisdiction was federal question jurisdiction. *See* Dkt. No. 405 at 11–12.

(4) **The method by which the claim against Defendant Cleveland King will be resolved.** The Court previously declined to enter default judgment against King, and questioned the sufficiency of Plaintiffs' § 1983 claim against him, particularly in light of the Court's dismissal of all other § 1983 claims against other Defendants. *See* Dkt.

No. 408. The pretrial order suggests that the resolution of this claim "may properly be determined outside of the trial" (Dkt. No. 511 at 9 n.1), but how and when do you propose that this will occur?

(5) **Whether the discovery cutoff should be extended to permit the parties to take a perpetuation deposition of Defendants' damages expert, Jill McGovern, Ph.D.**, and if so, if any particular damages-related issues (*e.g.*, the applicability of a *Rollins* instruction and/or the disputes related to the verdict form) must be decided by this Court before that deposition occurs. The basis for Plaintiffs' objection to Defendants' request to take a perpetuation deposition is unclear: do Plaintiffs dispute that Dr. McGovern is unavailable for purposes of Federal Rule of Civil Procedure 32(a)(4)(B), and if so, on what basis?

Dated this 27th day of February, 2025.

Kymberly K. Evanson
United States District Judge