UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, et al., | CASE NO. C21-1263-KKE |
| Plaintiff(s), | ORDER ON MISCELLANEOUS ORAL MOTIONS |
| v. | |
| STATE OF WASHINGTON, et al., | |
| Defendant(s). | |

At the pretrial conference on March 3, 2025, Plaintiffs orally moved to dismiss their claim against Defendant Washington's Department of Children, Youth and Families ("the State") for injunctive relief under 42 U.S.C. § 1983, as moot. The Court GRANTS that motion and DISMISSES the claim.

As a result of Plaintiffs' dismissal of the § 1983 claim against the State, the parties agree that there are no longer any federal claims proceeding to trial as scheduled, and that this case should be remanded to King County Superior Court for trial. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental

jurisdiction over the state claims."). In light of the parties' agreement, the Court VACATES the March 24, 2025 trial date and all other pretrial deadlines.

Before the Court effectuates the remand, however, the Court must resolve Plaintiffs' other unopposed oral motion brought at the pretrial conference: Plaintiffs moved to sever their § 1983 claim against Defendant Cleveland King, who has not appeared in this action, from the claims remanded for trial in King County Superior Court.[1] So long as this claim remains in the lawsuit, the Court's federal-question jurisdiction has not been entirely eliminated. At the March 3 pretrial conference, Plaintiffs requested an opportunity to convene another prove-up hearing in conjunction with a motion for default judgment against King, after their previous motion for default judgment was denied without prejudice. *See* Dkt. Nos. 364 (motion requesting a prove-up hearing), 397 (prove-up hearing brief), 408 (U.S. Magistrate Judge Michelle Peterson's Report and Recommendation for denial of Plaintiffs' motion for entry of default judgment), 429 (order adopting Report and Recommendation).

But Plaintiffs have not shown that any of the conditions have changed since Judge Peterson recommended denying Plaintiffs' request for entry of default judgment. As Judge Peterson noted, to state a § 1983 claim, a plaintiff must show (1) that they suffered a violation of rights protected by the United States Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. Dkt. No. 408 at 5 (citing *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)). Judge Peterson expressed "doubts as to whether Plaintiffs have sufficiently pleaded" a § 1983 claim against King, given the lack of allegations related to personal jurisdiction, the insufficient allegations of supervisory liability, and the

---

[1] Although Plaintiffs and the State agreed that severance was appropriate at the March 3 pretrial conference, the Court declines to grant that oral motion without an understanding of the contours of the claim against King to be severed, which are inadequately defined in the operative complaint. The Court anticipates that Plaintiffs will clarify their intent with respect to the claim, as instructed at the end of this order.

ORDER ON MISCELLANEOUS ORAL MOTIONS - 2

"minimal allegations related to" King's personal participation in alleged constitutional violations. *Id.* at 8. Judge Peterson also noted that the § 1983 claims alleged against other Defendants had been dismissed on a motion to dismiss or a motion for summary judgment, which further suggested that any § 1983 claim against King "is also deficient."[2] *Id.* at 10. Lastly, Judge Peterson found that the defenses asserted by the State and other Defendants "are likely applicable" to King, such that if those Defendants prevail on the merits at trial, finding King liable for the same or similar conduct via default judgment would create an incongruous result. *Id.* at 10–11.

In light of Judge Peterson's Report and Recommendation, to which Plaintiffs did not object and which was adopted by the Court, the Court is not persuaded that another prove-up hearing would yield a different result, particularly because the deficiencies in the complaint cannot be cured by evidence presented at a prove-up hearing. *See, e.g.*, *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988). The Court shares Judge Peterson's concern that the operative complaint lacks *specific* allegations of King's conduct that rise to the level of a constitutional violation. *See* Dkt. No. 55 ¶¶ 34, 61, 126, 206–11. The Court cannot enter a default judgment where a plaintiff's allegations are wholly conclusory, because the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Court also agrees with Judge Peterson that the complaint generally frames the facts as describing the conduct of "Defendants," without

---

[2] In their prior motion for a prove-up hearing, Plaintiffs summarized their allegations against King as follows: "Plaintiffs allege King supervised [the State] employees whose acts and omissions violated [Plaintiffs] J.M.'s, A.M.'s, and E.M.'s constitutional rights and that he knew about their acts and omissions." Dkt. No. 364 at 3 n.1. If this is the extent of Plaintiffs' allegations against King, it would seem that the Court's dismissal of the § 1983 claims against the individual State employees could apply with equal force to any § 1983 claim against King.

ORDER ON MISCELLANEOUS ORAL MOTIONS - 3

delineation[3] between specific Defendants, which obscures the Court's ability to determine what is alleged with respect to King's personal participation. *See* Dkt. No. 408 at 7 n.3. And again, because the Court has dismissed the § 1983 claims against the other Defendants, it could be incongruous to allow Plaintiffs to prevail against King if the complaint's allegations are primarily against Defendants collectively. *Garamendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) ("It would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action." (cleaned up)).

For these reasons, the Court finds that convening another prove-up hearing would not resolve the deficiencies in the complaint and therefore DENIES Plaintiffs' oral motion requesting a prove-up hearing, and DEFERS ruling on the stipulated oral motion to sever the claim against King from the other claims in this action. Instead, the Court ORDERS that no later than March 14, 2025, Plaintiffs either:

(1) Voluntarily dismiss the § 1983 claim against King, which is the only remaining federal claim in this action. If Plaintiffs voluntarily dismiss their § 1983 claim against King, then the Court will deny the motion to sever as moot and remand this matter to King County Superior Court.

OR

(2) File a motion for leave to amend the complaint as to the § 1983 claim against King. If Plaintiffs move for leave to amend their complaint as to the § 1983 claim against King,

---

[3] If the interconnectedness of Plaintiffs' § 1983 claim against King with the claims made against other Defendants is a reason to deny a motion for entry of default judgment (*see Garamendi*, 683 F.3d at 182–83 (explaining that courts should avoid incongruous judgments where one jointly liable or "similarly situated" co-defendant defaults, meaning that the case against each defendant "rests on the same legal theory" (quoting *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)))), it is not immediately apparent why that interconnectedness would not weigh against severing the claim at this point in the litigation.

ORDER ON MISCELLANEOUS ORAL MOTIONS - 4

the Court will resolve that motion before requesting briefing from the parties as to whether the claim (amended or not) should be severed from claims remanded for trial in King County Superior Court. The Court expects that amending the complaint would result in setting aside the entry of default and serving the updated complaint on King. *See, e.g.*, *Lee v. Moroney*, No.: SA CV 17-03119 SJO (GJS), 2018 WL 6003621, at *4 (C.D. Cal. June 6, 2018).

Dated this 5th day of March, 2025.

Kymberly K. Evanson
United States District Judge

ORDER ON MISCELLANEOUS ORAL MOTIONS - 5