UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, et al., | CASE NO. C21-1263-KKE |
| Plaintiff(s), | ORDER SETTING AGENDA FOR STATUS CONFERENCE |
| v. | |
| STATE OF WASHINGTON, et al., | |
| Defendant(s). | |

The Court will be meeting with the parties at a status conference on March 21, 2025. *See* Dkt. No. 517. The Court issues this order to apprise the parties of questions and topics to be discussed at the conference:

(1) The Court has reviewed Plaintiffs' numerous proposed amendments to the operative complaint, and is concerned that some of the new allegations do not focus on Defendant Cleveland King (Dkt. No. 516-1 ¶¶ 263–66, 268–71, 277–79, 288, 330–43, 367–73, 376–77, 383–84, 386–88, 407–10, 412–15, 420–36, 444–48, 468–72), some appear to pertain to negligence claims that have been dismissed (*id*. ¶¶ 459 (alleging King's "negligent inaction"), 467–82 (alleging King failed to use ordinary care)), and some appear to pertain to new theories of liability that were not referenced in the operative complaint and could implicate other Defendants (*id*. ¶¶ 233–39, 242–44, 362–64). Of the proposed additions that do reference King, many of those allegations also reference

ORDER SETTING AGENDA FOR STATUS CONFERENCE - 1

other Defendants.  *Id*. ¶¶ 249–53, 260–61, 267, 274–76, 347, 366, 374–75, 385, 389, 401, 404–06, 417–19, 437, 449–50, 452, 456, 463.  Why should the Court grant leave for an amendment of this magnitude at this point in the litigation?

(2) What authority supports the parties' positions as to the oral motion(s) to sever the claim against King from the remainder of the claims in this case, made at the most recent pretrial conference?  Why should the Court sever a claim that is legally and factually related to other claims ready to proceed to trial?  *See, e.g.*, *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

(3) If the claim against King is not severed, does the Court retain federal question jurisdiction over this action by virtue of that claim?  Should this case be re-set for trial in this Court, and the claim against King can be resolved after trial is concluded?  *See Garamendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (explaining that where a defaulting defendant is similarly situated to answering defendants, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants).

Dated this 18th day of March, 2025.

Kymberly K. Evanson
United States District Judge

ORDER SETTING AGENDA FOR STATUS CONFERENCE - 2