UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, et al.,<br><br>　　　　　　　Plaintiff(s),<br>　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　　　　Defendant(s). | CASE NO. C21-1263-KKE<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS OR CONTINUE |

The represented Defendants filed a motion to dismiss Plaintiffs' state-law claims for lack of subject matter jurisdiction, and request that if the Court denies that motion, the trial date be continued to November given counsel's scheduling conflict with the current trial date of September 29, 2025. Dkt. No. 531.[1] For the following reasons, the Court rejects the represented Defendants' contention that the Court lacks subject-matter jurisdiction over this action but agrees that a brief continuance of the trial date is appropriate.[2]

## I.    BACKGROUND & ANALYSIS

The Court previously vacated a March 24, 2025 trial date in this matter after Plaintiffs voluntarily dismissed their claim for injunctive relief against Defendant State of Washington under

---

[1] Tender counsel filed a notice of joinder in the motion to continue, noting his own conflict with the current trial date. Dkt. No. 533.

[2] Although Plaintiffs' opposition brief requested oral argument, the Court finds the motion suitable for disposition on the written materials.

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS OR CONTINUE - 1

42 U.S.C. § 1983. *See* Dkt. No. 514. In doing so, the Court acknowledged that there were no longer any federal claims proceeding to trial, although there was one remaining federal claim against defaulted Defendant Cleveland King. The Court found that the claim against King was intertwined with the claims against other represented Defendants and was therefore not amenable to severance or resolution via default judgment before the claims against the represented Defendants were resolved. *See, e.g.*, Dkt. Nos. 408, 429, 514, 527. Thus, at a status conference in July 2025, the Court emphasized that as there were no pending motions, it appeared this action was ready to be re-set for trial and entered a scheduling order with a September 29, 2025 trial date. Dkt. Nos. 529, 530. Counsel for the State of Washington and the represented individual Defendants noted a scheduling conflict with that trial date and the Court indicated that it would, of course, consider a motion to continue. *Id*.

The represented Defendants subsequently filed a motion to continue the trial date until at least November 2025, in conjunction with a motion to dismiss the state-law claims for lack of subject-matter jurisdiction. Dkt. No. 531. The motion asserts that because there are no federal claims remaining against the represented Defendants, the Court lacks subject-matter jurisdiction over those claims. *Id*. at 3.

Plaintiffs oppose the motion to dismiss, contending that the motion ignores the presence of the federal claim against King. Dkt. No. 537 at 3. Plaintiffs argue that although King has failed to appear or defend himself as to their federal claim against him, that claim nonetheless remains "live" in this action because it is unresolved. *Id*. at 4–5. Plaintiffs note that the Court denied Plaintiffs' motion to amend its claim against King, but never dismissed the claim against King. *See id*. at 2 (citing Dkt. Nos. 514, 520, 527). Plaintiffs contend that the King claim provides the necessary jurisdictional hook to allow this case to remain in federal court. *Id*. at 2–3.

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS OR CONTINUE - 2

The Court agrees with Plaintiffs, noting that the represented Defendants have not cited any authority to support its position that the Court should consider the nature of the claim(s) proceeding to trial, rather than the nature of the claims in the action altogether, when considering the existence of federal question jurisdiction. Moreover, the represented Defendants inaccurately describe the status of the claim against King: the claim against King is stated in the operative complaint (Dkt. No. 55), which was served on King. Dkt. No. 73. That "the time is not yet ripe to amend, sever, or enter judgment upon that claim" (Dkt. No. 537 at 3) does not render the claim against King non-existent.

Furthermore, the represented Defendants have not briefed whether, under the circumstances of this case, the Court should decline to exert supplemental jurisdiction over the state-law claims proceeding to trial, while retaining jurisdiction over the related Section 1983 claim against King. *See* 28 U.S.C. § 1367(a) (explaining that when a federal court has original jurisdiction over a claim, it has supplemental jurisdiction "over all other claims that are so related to claims" within the court's original jurisdiction "that they form part of the same case or controversy"). Considering the intertwined nature of the federal and state-law claims, as well as the lengthy proceedings in federal court and the fast-approaching trial date in this matter, declining supplemental jurisdiction could be an abuse of discretion. *See, e.g.*, *Arroyo v. Rosas*, 19 F.4th 1202, 1210–11 (9th Cir. 2021) (discussing the circumstances under which a district court may exercise its discretion to decline supplemental jurisdiction). In the absence of briefing on that issue, the Court will deny the motion to dismiss.

The represented Defendants have, however, shown good cause for a brief trial continuance. The scheduling conflicts the current trial date poses for multiple attorneys warrants a brief extension of the trial date, particularly because the trial date was selected without input from the parties and counsel diligently informed the Court of the conflict. *See Zivkovic v. S. Calif. Edison*

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS OR CONTINUE - 3

*Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (explaining that a case schedule may be modified if the current schedule cannot be followed despite the moving party's diligence).

## II. CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion. The Court denies Defendants' motion to dismiss Plaintiffs' state-law claims, and grants Defendants' request to continue the trial date and related pretrial deadlines. The Court will issue a new case schedule setting this matter for trial to begin on November 24, 2025.

Dated this 28th day of August, 2025.

*[signature]*

Kymberly K. Evanson
United States District Judge