1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MEDICRAFT, et al.,

                     Plaintiff(s),

     v.

STATE OF WASHINGTON, et al.,

                  Defendant(s).

CASE NO. C21-1263-KKE

ORDER DENYING UNOPPOSED
MOTION TO CONTINUE TRIAL DATE

Plaintiffs filed a motion to continue the trial date because their expert witness is not medically available to testify at trial, which is scheduled to commence on November 24, 2025. Dkt. No. 558. Defendants do not oppose the motion. *Id.* Plaintiffs request that the current trial date and associated deadlines be stricken and that the trial date be rescheduled as soon as January 2026. *Id.*

Plaintiffs have not shown good cause to extend the trial date or the related pretrial deadlines. *See* Fed. R. Civ. P. 16(b)(4) (explaining that a scheduling order may be modified only with the court's leave, for good cause); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (1992) (explaining that "good cause" to modify a case schedule exists where the case schedule cannot be followed despite diligence on the part of the party requesting modification). Although Plaintiffs' motion states generally that their expert is "medically unavailable for trial" (Dkt No. 558 at 2), Plaintiffs did not state when they became aware of this development, how long the

ORDER DENYING UNOPPOSED MOTION TO CONTINUE TRIAL DATE - 1

expert's unavailability is projected to last, or whether there are any arrangements (such as allowing remote testimony or taking testimony out of order) that could accommodate the expert's medical condition.  Because this case has been repeatedly continued on the eve of trial, the Court is unpersuaded that the parties have been diligent.  *See* Dkt. No. 36 (setting trial for January 17, 2023); December 1, 2022 Docket Entry (continuing trial to October 16, 2023); Dkt. No. 234 (continuing trial to April 8, 2024); Dkt. No. 344 (continuing trial to October 28, 2024); Dkt. No. 448 (continuing trial to March 24, 2025); Dkt. No. 530 (setting trial for September 29, 2025); Dkt. No. 540 (continuing trial to November 24, 2025).  Thus, the Court denies the motion to continue the trial date, without prejudice to refiling with a more robust record explaining the circumstances justifying a continuance.

Separate and apart from continuing the trial date, Plaintiffs have not suggested that any prejudice would result from keeping the remaining pretrial deadlines in place.  Accordingly, even if the trial date is ultimately continued, the Court requires the parties to complete their pretrial preparation at this time.  The Court therefore denies the motion to continue the pretrial deadlines. The unexpired pretrial deadlines set for November 10, 2025, remain intact.  *See* Dkt. No. 540.

For these reasons, the Court DENIES Plaintiffs' unopposed motion to continue.  Dkt. No. 558.  If the parties wish to seek a referral to a magistrate judge for a settlement conference, they shall file a notice indicating this request no later than noon on November 10, 2025.

Dated this 7th day of November, 2025.

Kymberly K. Evanson
United States District Judge