UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, et al., | CASE NO. C21-1263-KKE |
| Plaintiff(s), | ORDER TO PROVIDE SUPPLEMENTAL BRIEFING |
| v. | |
| STATE OF WASHINGTON, et al., | |
| Defendant(s). | |

The Court learned of disputes related to Plaintiffs' representation and the management of counsel's IOLTA trust accounts, via a motion filed March 27, 2026. Dkt. No. 569. It appears that although two firms, Arnold Jacobowitz & Alvarado PLLC ("AJA") and Western Washington Law Group ("WWLG"), have been recently representing Plaintiffs via a representation agreement, AJA terminated WWLG's authority to appear on behalf of Plaintiffs, as of December 31, 2025. Dkt. No. 570 ¶ 7. WWLG has not withdrawn its representation of Plaintiffs since then.

In any event, AJA's motion describes a dispute between AJA and WWLG as to the rights to certain funds transferred as part of a settlement agreement between Plaintiffs and former Defendants. Dkt. No. 569. AJA's emergency motion requests that the Court require WWLG to provide a full accounting of all settlement proceeds received by WWLG; order WWLG to transfer the remaining balance of the "Reserve Fund" and the "Tutoring Fund" to AJA's IOLTA account; and declare that the Reserve Fund and the Tutoring Fund are not subject to any lien, security interest, or third-party claim, nor to any third-party authorization for transfer or administration. Dkt. No. 569-1.

ORDER TO PROVIDE SUPPLEMENTAL BRIEFING - 1

Although the dispute between AJA and WWLG arises out of their representation of Plaintiffs, it is arguably tangential to this litigation and does not involve Plaintiffs themselves or Defendants; it appears to be a dispute between counsel rather than between the parties in this case. The Court thus questions whether this motion is properly brought in this litigation or whether it should be brought in an interpleader action under Federal Rule of Civil Procedure 22 or any other separate action. Plaintiffs' motion does not address the Court's authority to resolve this type of dispute within this litigation in this posture; the only case cited in the motion stands for the proposition that a court must review an attorney's fee agreement for reasonableness, but that is not the relief requested in this motion. Dkt. No. 569 at 10. The motion also cites the Rules of Professional Conduct applicable to Washington attorneys, which further suggests to the Court that the dispute documented in the motion is far afield from the tort claims Plaintiffs brought against Defendants in this case. Notably, AJA notes that it filed an interpleader action against WWLG in King County Superior Court earlier this month, due to a similar dispute arising in a different case. *See* Dkt. No. 570-5.

For these reasons, the Court seeks clarification from AJA and WWLG as to whether the dispute documented in the motion is properly considered in the context of this litigation, or whether it should be litigated in another context. No later than April 10, 2026, AJA and WWLG shall file briefs addressing the Court's authority to resolve this dispute. After the Court has reviewed that briefing, the Court will set a briefing schedule on Plaintiffs' motion, but the Court STAYS briefing of that motion (Dkt. No. 569) until that point.

Dated this 30th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER TO PROVIDE SUPPLEMENTAL BRIEFING - 2