UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MEDICRAFT, et al., | CASE NO. C21-1263-KKE |
| Plaintiff(s), | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REGARDING TRUST FUNDS |
| v. | |
| STATE OF WASHINGTON, et al., | |
| Defendant(s). | |

Plaintiffs filed an emergency motion to enforce the Court's prior order approving a partial settlement agreement. Dkt. No. 569. The Court ordered supplemental briefing on a jurisdictional issue, and heard from the parties at oral argument. *See* Dkt. Nos. 573, 575, 576, 577, 578, 579, 581, 582, 584. For the following reasons, the Court finds that it has ancillary jurisdiction to consider Plaintiffs' motion and will grant it in part.

## I.    BACKGROUND

Plaintiffs James and Shaylee Medicraft filed this action alleging 23 causes of action against the State of Washington and others for harms suffered by them and their minor children during a period when the children were in State custody. *See* Dkt. No. 55. Plaintiffs were originally represented only by the firm now known as Arnold Jacobowitz & Alvarado PLLC ("AJA") when this case was filed in September 2021, but Dennis McGlothin and Robert Cadranell of Western

Washington Law Group PLLC ("WWLG") appeared in January 2024 and May 2024, respectively. Dkt. Nos. 279, 353.

Three Plaintiffs (all minors) reached a settlement agreement with former Defendants Phoenix Protective Services and Phoenix employee Lufti Al Marfadi in March 2024.  Dkt. No. 324.  In response to Plaintiffs' notice of settlement, the Court required the parties to file a stipulation and proposed order of dismissal within 60 days.  Dkt. No. 328.  The parties filed a stipulated motion to appoint a settlement guardian ad litem ("SGAL") to investigate the reasonableness and adequacy of the settlement and the Court granted that motion.  Dkt. Nos. 336, 338.  Plaintiffs requested additional time to file dismissal paperwork, and the Court extended the deadline another 60 days.  Dkt. No. 356.

The SGAL filed a report in June 2024, opining that the $2 million settlement for three minor Plaintiffs was not a "full and fair resolution" of their damages, but recommending that the Court approve it nonetheless because it represents the insurance policy limit.  Dkt. No. 358.  The report indicates that each minor Plaintiff would receive one-third of the gross settlement proceeds ($666,666.67), but only $129,677.12 net due to various deductions, primarily to satisfy a contractual lien held by Legalist, Inc. (which provided litigation financing under a contract Plaintiffs and AJA entered into with Legalist), and a deduction for the attorney's fees owed under Plaintiffs' contingency fee agreement with counsel.  *See id*. at 8–10.  The SGAL recommended that the Court honor the contingency fee agreement between Plaintiffs and Plaintiffs' counsel to award them 40% of the proceeds, but the SGAL believed that Plaintiffs' counsel should be required to, going forward, advance the costs of the litigation so that Plaintiffs could avoid the expensive "high-risk, no recourse" Legalist lending.  *Id*. at 9–10.  The SGAL also recommended that the Court set aside $7,200 out of each minor's award "for each minor's tutoring costs over the coming year, payable from the IOLTA of plaintiff's counsel[.]"  *Id*. at 10.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REGARDING TRUST FUNDS - 2

Plaintiffs filed a motion to approve the settlement agreement and to ratify and adopt the conditions in the SGAL's report. Dkt. No. 380. Notably, the motion states that "Plaintiffs' counsel have agreed to advance future litigation costs and avoid any further litigation funding through a third-party litigation funding company." Dkt. No. 380 at 8.

The Court scheduled a hearing to discuss the motion to approve the settlement agreement, but realized that the parties had not provided a copy of the agreement, which meant that it could not be approved. *See* Dkt. No. 568 at 10. The Court therefore directed the parties to provide a copy of the agreement for *in camera* review and also directed them to provide an amended proposed order as discussed during the hearing. *See* Dkt. Nos. 414, 415, 568. The Court expressed concern that Legalist and the attorneys were taking so much of the settlement proceeds, when compared with the children. Dkt. No. 568 at 10–16.

A couple of weeks later, after reviewing the agreement *in camera*, the Court set a second hearing to discuss approval of the settlement agreement. Dkt. Nos. 424, 428. At the second hearing, Mr. McGlothin represented that in light of the SGAL's requirement that Plaintiffs' counsel front the litigation costs going forward, counsel intended to leave in their trust account $200,000 of the fees awarded in the settlement agreement to satisfy their obligation to cover future litigation costs (which had, at that point in time, been estimated to be $150,000). Dkt. No. 574 at 10. Mr. McGlothin also represented that the attorneys would remain on the hook in the event that future costs exceeded $200,000, but that any amount not expended would be subject to a final "reconciliation" in accordance with the fee-sharing agreement between AJA and WWLG. *Id*. at 10–11. Mr. McGlothin stated that Plaintiffs' counsel had negotiated this outcome with the SGAL and that counsel had made an "internal decision" to dedicate this portion of the fees in this way. *Id*. at 10–11, 26.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REGARDING TRUST FUNDS - 3

The Court subsequently entered an order provisionally approving the settlement on the terms recommended by the SGAL, with one exception: the Court expressed concern at the ratio of the settlement proceeds that were allocated to Legalist and attorney's fees, rather than to Plaintiffs themselves, and the Court required counsel to reduce their fees to 35% of the partial settlement proceeds. Dkt. No. 431. The order also notes that:

> Counsel's agreement to set aside $200,000 of the contingency fee to advance costs so the case can move forward without further third-party financing also helps mitigate the fact that the legal fees and costs far exceed the net amount awarded to the Settling Minor Children.

*Id*. at 4. The Court instructed the SGAL to file a revised report that accounted for that modification to the attorney's fee percentage. *Id*. at 7. The Court further ordered

> Plaintiffs' counsel … to comply with the Revised SGAL Report's provisions regarding the required modification to the fee agreement they have with Plaintiffs for their handling this matter. This is a condition to the Court approving the distributions to Plaintiffs' counsel of its attorney fees as modified by the Court, to be reflected in the Revised SGAL Report, which the Court accepts as fair and reasonable pending any final settlement or judgment in this case where the overall fees and costs can be measured in relation to the amounts received by the minor children in this matter.

*Id*. The SGAL filed a revised report that included that modification. Dkt. No. 432 at 10. The Court subsequently entered an amended order approving the settlement agreement with the deductions listed as adjusted in the SGAL's revised report. Dkt. No. 498. Plaintiffs' counsel placed the tutoring money for the benefit of the minor Plaintiffs in WWLG's IOLTA (as required by the Court's order), and also placed the $200,000 set aside for litigation expenses in WWLG's IOLTA. *See* Dkt. No. 570-3.

In March 2026, AJA filed a motion detailing a dispute between it and WWLG as to settlement proceeds held in WWLG's IOLTA for the tutoring and the litigation costs. Dkt. No. 569. AJA terminated WWLG's authority to represent Plaintiffs as of December 31, 2025 (Dkt. No. 570 ¶ 7), although WWLG has not withdrawn its representation of Plaintiffs since then. AJA

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REGARDING TRUST FUNDS - 4

requests that because it continues to be Plaintiffs' counsel and WWLG is not, the money held in trust for the benefit of Plaintiffs should be transferred from WWLG's IOLTA into its own IOLTA. Dkt. Nos. 569, 579-1.

To assist the Court in determining its jurisdiction to resolve this dispute between Plaintiffs' current and former counsel, the Court ordered AJA and WWLG to file supplemental briefs on jurisdiction. Dkt. No. 573. AJA timely filed a supplemental brief (Dkt. No. 575); WWLG filed its brief two days late (Dkt. No. 576). AJA's brief argues that the Court has ancillary jurisdiction to grant all of the relief requested in the motion. Dkt. No. 575. WWLG's brief argues that the Court has ancillary jurisdiction to order WWLG to transfer the tutoring funds, and it offers to transfer the balance of those tutoring funds immediately to the Court's registry for release to AJA after resolving any potential security interest Legalist may have. *See* Dkt. No. 576 at 8–9. WWLG's brief argues that the Court lacks jurisdiction to resolve the parties' dispute regarding the litigation expenses set aside because the Court's orders do not require counsel to set that money (the "reserved funds") aside, but merely memorialize *counsel's* internal decision to do so. *Id*. at 9. WWLG's briefing also emphasizes that Legalist purports to have a right to the reserved funds, and that WWLG also believes it is entitled to recover some of the reserved funds, and argues that the Court does not have jurisdiction to resolve the competing claims to the reserved funds. *Id*. at 11–12.

The Court then ordered AJA to provide a supplemental response to WWLG's untimely brief, which AJA did.[1] *See* Dkt. Nos. 578, 579. Nine days after the Court ordered AJA to provide a supplemental response, WWLG filed an unsolicited "praecipe" with a 31-page proposed order

---

[1] Along with the supplemental response, AJA filed an updated proposed order modifying the relief requested. *See* Dkt. No. 579-1.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REGARDING TRUST FUNDS - 5

attached. Dkt. No. 581. AJA objected to this filing, characterizing it as an improper and untimely surreply raising new arguments. Dkt. No. 582.

The Court held oral argument on the motion and the related jurisdictional issues. Dkt. No. 584. The Court finds that the motion is sufficiently briefed on the current record and will be granted as follows.

## II.    ANALYSIS

"[T]he doctrine of ancillary jurisdiction ... recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Ancillary jurisdiction exists for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent[;] and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees[.]" *Id.* at 379–80 (internal citations omitted). "[A]ncillary jurisdiction exists over attorney fee disputes collateral to the underlying litigation." *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004). Yet "the exercise of ancillary jurisdiction over an attorney's fees dispute is discretionary." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 971 (9th Cir. 2014).

AJA argues that the relief it requests falls within the Court's ancillary jurisdiction to enforce its orders adopting the settlement agreement consistent with the recommendations and directives in the SGAL's revised report. WWLG does not dispute that the Court has ancillary jurisdiction to enforce its orders, but contends that the dispute as to the reserved funds falls outside those orders.

The Court agrees with the parties that it has ancillary jurisdiction over the tutoring funds dispute, because the revised SGAL report required "Plaintiffs' counsel" to distribute $7,200 in tutoring funds for each settling minor Plaintiff from counsel's IOLTA (Dkt. No. 432 at 10) and the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REGARDING TRUST FUNDS - 6

Court explicitly retained jurisdiction "to assure compliance with the allocation and distribution provisions in the Revised SGAL Report or this Order[.]" Dkt. No. 431 at 6. Now that WWLG no longer represents Plaintiffs and is therefore no longer "Plaintiffs' counsel," the remaining balance of the tutoring funds should be transferred to AJA's IOLTA for the benefit of Plaintiffs in order to effectuate the Court's prior order. The Court finds that it is also appropriate to require WWLG to provide a complete accounting of the tutoring funds (as requested by AJA), rather than the summary tables provided to date. *See* Dkt. Nos. 577-3, 577-4, 577-5.

The Court also finds that it has jurisdiction to order WWLG to transfer the reserved funds to AJA in order to effectuate the Court's prior order, but the Court will not resolve any disputed claims on the part of Legalist or WWLG as to those funds. Although WWLG is correct that the Court did not explicitly order Plaintiffs' counsel to set aside the reserved funds, the Court conditioned its approval of the settlement agreement on counsel's agreement to front any future litigation expenses (as recommended by the SGAL). *See* Dkt. No. 431 at 4, 6–7. Counsel's agreement to set aside part of the attorney's fees allocated from the settlement proceeds assuaged the Court's concerns about the imbalance between counsel's recovery and Plaintiffs' recovery, and the Court explicitly acknowledged this in its order. *Id*. at 4. That counsel elected to comply with the SGAL's and the Court's conditions in this way—rather than being ordered to do so by the Court—is not dispositive because the Court explicitly relied on counsel's representations in this regard when entering the order. And counsel repeatedly affirmed its commitment to set aside the reserved funds during hearings on the motion to approve the settlement agreement. *See* Dkt. No. 568 at 11; Dkt. No. 574 at 9–26. Because the existence of the reserved funds was fundamental to the Court's order approving the settlement agreement, the Court finds that it has ancillary jurisdiction to enforce that condition.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REGARDING TRUST FUNDS - 7

This jurisdiction is limited to enforcing the condition that "Plaintiffs' counsel" front the litigation expenses, however. Counsel agreed to do this by setting aside the reserved funds, which should remain set aside for the benefit of the litigation. Because WWLG is no longer involved in the litigation, those funds should be transferred to Plaintiffs' current counsel, AJA. And as with the tutoring funds, the Court finds that it is appropriate to require WWLG to provide a complete accounting of the reserved funds, as requested by AJA.

This is the extent of the relief that the Court finds that it has jurisdiction to provide. The Court's orders have never specified how the reserved funds were to be allocated between counsel, nor have they sought to adjudicate the validity of any disputed Legalist or other liens on settlement proceeds, and therefore the Court's ancillary jurisdiction does not extend to address claims that WWLG, Legalist, or any other entity may have with respect to the reserved funds. *See, e.g.*, *Ralston v. Mortg. Invs. Grp., Inc.*, No. 08-CV-00536-JF (LHK), 2015 WL 5027603, at *8 (N.D. Cal. Aug. 25, 2015) (finding no ancillary jurisdiction a dispute between counsel as to how to apportion the fees where the court approved a settlement agreement awarding a lump sum of attorney's fees, without addressing how that fee would be divided among the various counsel); *Barrera v. Gamestop Corp.*, No. 2:09-cv-01399-ODW(Ex), 2012 WL 1470170, at *2 (C.D. Cal. Apr. 27, 2012) (declining to exercise ancillary jurisdiction to resolve the validity of a lien that one attorney placed on a settlement fee awarded to a group of attorneys, arising from a fee-sharing agreement that was not previously disclosed to the court).

Although Mr. McGlothin presented extensive argument regarding the validity of his and Legalist's claims to the reserved funds, the Court will not exercise its jurisdiction to resolve those disputes at this time, nor does the Court find that the relief it does provide extinguishes any party's right to claim any portion of the reserved funds. The Court will require WWLG to transfer the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REGARDING TRUST FUNDS - 8

reserved funds to AJA's IOLTA, but expresses no view on whether those funds may be subject to any claims.

### III.    CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.  Dkt. No. 569. WWLG shall transfer the remaining tutoring and reserved funds to AJA's IOLTA no later than May 14, 2026.  WWLG shall also provide a full accounting of the tutoring and reserved funds (documenting all deposits, disbursements, transfers, allocations, and any balances held or previously held in trust, and including all underlying supporting documentation), no later than May 14, 2026.  The appointment of the SGAL, Andrew Benjamin, is hereby terminated.

Dated this 11th day of May, 2026.

Kymberly K. Evanson
United States District Judge